Toy CRIBBS, Maxine Cribbs and James B. Fleischaker, Trustee, Plaintiffs-Respondents,

v.

KEYSTONE AMERICAN SERVICE CORPORATION, Defendant-Appellant.

No. 10325.

Missouri Court of Appeals, Springfield District.

Oct. 12, 1978.

James B. Fleischaker, Roberts & Fleischaker, Joplin, for plaintiffs-respondents.

Julian J. Ossman, Myers, Perry, Ossman & Copeland, Webb City, for defendant-appellant.

Before BILLINGS, C. J., and TITUS and FLANIGAN, JJ.

PER CURIAM:

Plaintiffs' five-count petition, inter alia, prayed "for the appointment of a receiver to take charge of the property described in the petition pending final disposition of this case and the sale of the real estate under the deed of trust described in the petition." The Circuit Court of Jasper County entered its order appointing a receiver and defendant filed a motion to quash the order. When the court refused to revoke, modify or change its order appointing the receiver, defendant appealed. § 512.020.[1]

---

1. References to statutes and rules are to RSMo 1969, V.A.M.S., and to Supreme Court Rules, V.A.M.R.

The provisions of Rule 84.04, which enunciate the required form of an appellant's brief, are to be stringently enforced and applied [*Glastris v. Union Elec. Co.*, 542 S.W.2d 65, 69[5] (Mo.App.1976); *Matter of Estate of Langford*, 529 S.W.2d 31, 32[3] (Mo.App.1975); *Associates Discount Corp. of Iowa v. Fitzwater*, 518 S.W.2d 474, 477[2] (Mo.App.1974)] and are applicable to the appellate review of court-tried cases. *Cole v. Cole*, 516 S.W.2d 518, 520[4] (Mo.App. 1974); *Boyd v. Boyd*, 459 S.W.2d 8, 12[9] (Mo.App.1970).

One fatal deficiency in defendant's brief is that it does not contain a single page reference to the transcript on appeal. This is a blatant violation of Rule 84.04(h) which requires that "[a]ll statements of fact and argument shall have specific page references to the transcript on appeal . . . ." This violation of the rule would alone justify dismissal of the appeal. *Stephan v. World Wide Sports, Inc.*, 539 S.W.2d 591, 592 (Mo.App.1976); *Ward v. Johnson*, 480 S.W.2d 104, 106[6], 107[8] (Mo.App.1972).

Omitting the citations, the "Points Relied On" in defendant's brief read: "The trial court did err by overruling appellant's motion to quash the order appointing the receiver for the following reasons: I The allegations of respondent's petition were insufficient to justify the appointment of a receiver. II The appointment of a receiver without notice and an opportunity to be heard was a denial of due process as guaranteed by the constitutions of the United States and the State of Missouri."

Rule 84.04(d) mandates: "The points relied on shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous . . . ." The claim that the petition's averments were insufficient to justify the appointment of a receiver obviously does not comply with the rule because it does not state "wherein and why" the allegations in the pleading were deficient. *S____ v. W____*, 514 S.W.2d 848, 855–856[16] (Mo. App.1974). Likewise, the asseveration that defendant was denied due process when a receiver was appointed without notice of a hearing preserves nothing for review because it does not undertake to say how or in what manner the alleged action denied defendant its constitutional right. *Hilke v. Firemen's Retirement System of St. Louis*, 441 S.W.2d 730, 733[3] (Mo.App.1969); *Ragan v. Ragan*, 315 S.W.2d 142, 148[6] (Mo. App.1958), and cases cited in note 6. Appellate review is not required of points relied on which are mere abstract statements of law. *Middleton v. Meramec Mining Co.*, 545 S.W.2d 679[2] (Mo.App.1976).

Appeal dismissed.

### Addendum

Nothing was pleaded or proved in the instant case concerning bankruptcy proceedings involving defendant in the federal court. It is said that such proceedings were commenced after the appeal in this cause was taken to this court. Under such circumstance, we will not take judicial notice of the bankruptcy action, if so, in the federal court. Therefore, plaintiffs' motion to dismiss the appeal herein because defendant is involved in federal bankruptcy proceedings is overruled. 29 Am.Jur.2d, Evidence, § 58, pp. 90–92.

All concur.