**Warren B. HAMILTON, Appellant,**

v.

**Dena W. HAMILTON, Respondent.**

**No. 46384.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 22, 1983.

Dale H. Close, Richland, for appellant.

Lester W. Duggan, Jr., St. Peters, for respondent.

CRANDALL, Presiding Judge.

Appellant, Warren B. Hamilton, appeals from the order of the trial court finding him in civil contempt. We dismiss the appeal without prejudice as premature.

The parties to this action were divorced in 1971. The present proceedings were initiated in August 1979 by respondent's motion to modify the divorce decree and petition to cite for contempt. After a hearing at which evidence was adduced, the trial court, on August 27, 1982, found appellant in civil contempt for failure to pay past-due child support of $18,825. Appellant was ordered committed to the St. Charles County jail until such time as he either complied with the order to pay or submitted a plan for payment which was approved by the trial court. The trial court stayed its order until October 1, 1982. The record shows that appellant submitted a "Proposed Offer of Payment" on October 1, 1982, with an accompanying affidavit of his expenses. The record fails to show the disposition of this "Proposed Offer" or what, if any, action was taken on October 1. The final entry in the record is the filing of the notice of appeal on October 5, 1982.

█ The appealability of the trial court's order has not been questioned by the parties. The issue, however, goes to this court's jurisdiction and we therefore have a duty to examine it *sua sponte. Nimmo v. Nimmo,* 616 S.W.2d 131, 133 (Mo.App.1981). In order for an appeal to lie, there must be a final judgment or order. § 512.020, RSMo (1978); *Adams v. Adams,* 294 S.W.2d 18, 20 (Mo.1956).

The record before us falls short of satisfying that requirement. The trial court entered its order but stayed enforcement until October 1, 1982. On that date one of two things was to happen: either appellant would purge himself of the contempt or go to jail. The record as it was submitted to this court fails to reveal which, if either, occurred. After the case was submitted, without oral argument, appellant was directed pursuant to Rule 81.12(e), to supplement the record to include the following:

(1) A copy of the trial court's acceptance or rejection of Mr. Hamilton's proposed payment plan.

(2) A copy of the court order indicating payment in full by Mr. Hamilton of the child support, if there be one.

(3) A copy of the executed warrant and commitment of Mr. Hamilton to jail, if there be one.

(4) A copy of the bond permitting Mr. Hamilton's release from custody pending appeal, if there be one.

Appellant's response was that none of the requested documents exist. The record, therefore, fails to show that there is a final judgment that would give this court jurisdiction.

█ At the outset, we note that if appellant has purged himself of the contempt, no appeal lies. *Yeager v. Yeager,* 622 S.W.2d 339 (Mo.App.1981). Thus, payment or submission of an approved plan for payment would make this case moot and unappealable.

█ Even assuming, *arguendo,* that appellant has not purged himself of the contempt, the record still fails to disclose a final judgment from which an appeal may be taken. The order finding appellant in contempt is not a final judgment. *In re Marriage of Miller,* 112 Ill.App.3d 203, 68 Ill.Dec. 167, 445 N.E.2d 811, 817 (1983). There is no final judgment until the court's order is enforced. Enforcement involves the actual incarceration of the contemnor pursuant to a warrant of commitment. Appellant would then be entitled to be released on reasonable bail pending his appeal. *Teefey v. Teefey,* 533 S.W.2d 563, 566 (Mo. banc 1976). There is no indication in the record that appellant has been arrested, confined, or posted bond. There has been no enforcement. The order of the trial court finding appellant in contempt is therefore interlocutory in nature and not appealable. *See Madden v. Madden,* 558 P.2d 669 (Wyo.1977); *see generally,* Annot. 33 A.L.R.3d 448 (1970).

The appeal is dismissed without prejudice as premature.

KAROHL, P.J., and REINHARD, J., concur.