In re the Marriage of Adam SMITH,
Petitioner-Appellant,

v.

Edna Louis SMITH,
Respondent-Respondent.

No. 46930.

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 21, 1984.

Jack F. Allen, Clayton, for petitioner-appellant.

Bertram Cooper, St. Louis, for respondent-respondent.

KELLY, Presiding Judge.

Appellant, Adam Smith, appeals from the trial court's order finding him in civil contempt. We dismiss the appeal without prejudice as premature.

The parties to this action were divorced in April, 1982. On May 25, 1982, Mr. Smith filed his notice of appeal from the dissolution decree. In September, 1982, the former wife filed a petition to cite for contempt and for a mandatory injunction to transfer marital property pursuant to the dissolution decree. Mr. Smith moved to dismiss for lack of subject matter jurisdiction due to the pendency of his appeal from the dissolution decree. On January 10, 1983, after an evidentiary hearing, the trial court found Mr. Smith in civil contempt for failure to pay arrearages in child support of $2,610.00 and attorney's fees, and for failure to transfer 61 shares of McDonnell-Douglas stock and $3,056.00 from a savings plan at work. The trial court set January 27, 1983 as the deadline for Mr. Smith to purge himself of the contempt order by paying child support arrearages and $825.00 attorney fees, and by transferring the marital property in question. The contempt order was filed January 27, 1983. The record does not show what action was taken on the contempt order on or after January 27, 1983. On February 17, 1983, appellant filed his notice of appeal from the contempt order.

Appellant contends the trial court erred: 1) in finding him in civil contempt during the pendency of his appeal from the dissolution judgment, and 2) in entering its contempt order "when the finding was not supported by any credible evidence."

The parties do not raise the question of the finality of the trial court's order. We have the duty to examine the question sua sponte, however, since we only have jurisdiction to hear appeals from a final judgment. § 512.020, RSMo 1978; *Hamilton v. Hamilton*, 661 S.W.2d 82 (Mo.App.1983).

We conclude we are without jurisdiction to hear this appeal. A civil contempt order is not a final judgment for purposes of appeal until such order is enforced. *Hamilton v. Hamilton*, 661 S.W.2d 82, 83 (Mo.App.1983). Under the *Hamilton* decision a civil contemnor has two options. He may purge himself of the contempt by compliance with the court's order making the case moot and unappealable, or he must wait to appeal until the court's order is enforced by actual incarceration of the contemnor. The contemnor who chooses the second option would be entitled to release upon payment of reasonable bail pending his appeal. *Hamilton*, 661 S.W.2d at 83. The record in this case does not show the contemnor purged his contempt nor does it indicate his arrest, confinement and bond. As such, the order is interlocutory and not appealable. We dismiss the appeal.

Even though we dismiss this appeal as premature, we note that the statutory requirements for stay of execution on the judgment in the main action were not met in this case. § 512.080, RSMo 1984 Suppl. The cases cited by appellant do not deal with the proposition that an appeal precludes enforcement of the trial court's judgment by civil contempt order where no supersedeas was filed and no payment of the judgment made.

The dissolution judgment in this case has been affirmed, *In re: Marriage of Smith*, 652 S.W.2d 743 (Mo.App.1983), and the appellant is obliged to comply with its terms. See *McLerran v. McLerran*, 562 S.W.2d 710, 714 [5, 6] (Mo.App.1978).

Finally, appellant asserts that he has a pending action in bankruptcy court, and that he cannot therefore comply with the judgment or the contempt order because his assets are in the control of the bankruptcy trustee. Appellant did not plead or prove anything in this case concerning the bankruptcy proceedings. We cannot take judicial notice of the bankruptcy action in federal court. *Cribbs v. Keystone American Service Corp.*, 572 S.W.2d 637, 638 [5] (Mo.App.1978).

We dismiss this appeal without prejudice as premature.

STEWART and SNYDER, JJ., concur.