James K. SMITH, Appellant,

v.

Sylvia G. SMITH, Respondent.

No. 13567.

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 24, 1984.

Jay White, Rolla, for appellant.

Ronald D. White, Rolla, for respondent.

GREENE, Judge.

James and Sylvia Smith were divorced in 1968. Among other things, the divorce de-

cree provided that James pay Sylvia the sum of $120 per month for support of the four minor children of the parties. On October 3, 1983, after hearing evidence on a motion filed on behalf of Sylvia, the trial court found James in contempt for willful failure to pay child support as ordered in the decree. The "Judgment of Contempt" decreed that James be committed to jail for 180 days. The sentence was stayed for 60 days to allow Smith to purge himself of contempt by paying $14,400 (the amount of child support the trial court found Smith to be in arrears) into the registry of the court, in which case the jail sentence would be suspended. James appealed from the judgment.

■ While neither party has raised the question of the finality of the trial court's judgment, we have the duty to examine the record, sua sponte, to see if we have jurisdiction. Appeals only lie from final judgments. A civil contempt order is not a final judgment for purposes of appeal until it is enforced. *Hamilton v. Hamilton,* 661 S.W.2d 82, 83 (Mo.App.1983). See also *Smith v. Smith,* 676 S.W.2d 65 at 66 (Mo. App., E.D., 1984). Here, Smith may purge himself of contempt by compliance with the court order, thus making the case moot and unappealable, or he must wait to appeal after actual incarceration, in which case he could be released on bail pending appeal. *Hamilton v. Hamilton,* supra, 661 S.W.2d at 83.

■ The record in this case does not show that Smith has purged himself of contempt, nor does it indicate his arrest, confinement and bond. The order in question is interlocutory and not appealable. The appeal is dismissed.

TITUS, P.J., and FLANIGAN, J., concur.