Donald John FEMMER, Petitioner-Appellant,

v.

Lora M. FEMMER, Respondent-Respondent.

No. 48762.

Missouri Court of Appeals, Eastern District, Division Three.

March 12, 1985.

---

See also, Mo.App., 669 S.W.2d 63.

Herbert A. Kasten, Jr., St. Louis, for petitioner-appellant.

Richard A. Gartner, St. Ann, for respondent-respondent.

KELLY, Judge.

Donald John Femmer appeals from an order of the Circuit Court of St. Louis County finding him in contempt of court and directing him to execute a quitclaim deed to respondent, Lora M. Femmer, for one-half interest in the former marital residence at 11039 Galaxy in Maryland Heights, Missouri.

On March 20, 1980, the marriage of the parties was dissolved by a Decree of Disso-lution of Marriage by the Circuit Court of St. Louis County. Incorporated into the decree were the terms of a Separation Agreement of the parties, among which, was an agreement that appellant—the petitioner in the dissolution proceeding—would quitclaim his interest in the family residence at "11039 Galaxy, Maryland Heights, Missouri," to respondent, who was to assume all indebtedness thereon. Both parties were to promptly and reasonably perform their provisions of the agreement.

There was no evidence that a certified copy of the Court's decree was filed for record in the office of the recorder of deeds as required by § 452.330.5, RSMo 1978, and it was admitted that appellant never executed a quitclaim deed for the property to respondent as required by the decree.

On December 9, 1982, respondent filed a Motion to Cite Petitioner for Contempt of Court and to Modify Divorce Decree, alleging, among other things, that appellant had ignored the provision of the Separation Agreement which provided that he quitclaim his interest in the family residence to her. An evidentiary hearing was held on these motions on February 15 and 16, 1983, after which the trial court found that respondent was a tenant-in-common with a one-half interest in the real estate at 11039 Galaxy, Maryland Heights, St. Louis County, Missouri, and directed appellant to execute and deliver to respondent a quick-claim [sic] deed for a half-interest in said residence. The trial court also found appellant in contempt of court for failure to comply with the Separation Agreement and decree requiring that he execute a quit-claim deed to respondent.[1]

Appellant contends the trial court erred: (1) in awarding respondent a one-half interest in certain real estate for the reason that her quitclaim deed transferred all interest she had in the real estate to appellant,

1. The motion to modify sought an order modifying the Decree of Dissolution to change the care, custody and control of the minor children of the marriage from respondent to petitioner; the trial court retained jurisdiction over the question of child support, temporary custody and visitation pending completion of the child custody study in the proceeding and further and final proceedings on the question of permanent custody.

including the equitable interest she acquired from the dissolution decree, and both the language of the deed and state law preclude and estop her from now claiming any interest therein; (2) in awarding respondent one-half interest in the real estate for the reason that the terms of the dissolution decree and Separation Agreement concerning said real estate merged into the deed, thereby transferring all of respondent's interest in said real estate to appellant; and (3) the trial court was without jurisdiction to enter any order concerning the real estate of the parties for the reason that once respondent withdrew her allegation of coercion with respect to her deed of March, 1981, there remained no pleadings, proof of prayer for the relief granted by the Court.

The parties do not raise the question of the finality of the trial court's order. We have the duty to examine the question sua sponte, however, since we only have jurisdiction to hear appeals from a final judgment, *Smith v. Smith*, 676 S.W.2d 65, 66[1] (Mo.App.1984); *Hamilton v. Hamilton*, 661 S.W.2d 82 (Mo.App.1983).

A civil contempt order is not a final judgment for purposes of appeal. *Smith*, id., at p. 66[2]; *Hamilton*, id., at p. 83. A contemnor may purge himself of the contempt by compliance with the court's order making the case moot and unappealable, or he must wait to appeal until the court's order is enforced by actual incarceration of the contemnor. The contemnor who chooses the second option would be entitled to release upon the posting of reasonable bail pending his appeal.

The record before us does not show that the contemnor purged his contempt nor does it indicate his arrest, confinement and posting of bond. As such, the order is interlocutory and not appealable. Therefore, we dismiss the appeal as premature.

DOWD, P.J., and CRANDALL, J., concur.