Beverly (Forney) NIEHOFF,
Respondent,

v.

Leland FORNEY, Appellant.

No. 49300.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 11, 1985.

Harry J. Mitchell, Palmyra, for appellant.

Mark Steven Wasinger, Hannibal, for respondent.

CRANDALL, Judge.

Appellant, Leland Forney, appeals from the order of the trial court finding him in civil contempt. We dismiss the appeal without prejudice as premature.

The marriage of Leland Forney and respondent, Beverly (Forney) Niehoff, was dissolved in 1978. Respondent was awarded the primary care, custody and control of the children born of the marriage. In 1984 respondent brought this contempt proceeding[1] against appellant for his failure to pay for dental work for one of the children. She argued that appellant was obligated to pay the bill by the terms of the dissolution decree which required him to pay all medical bills of the children not covered by insurance in excess of $50 per child per year.

An evidentiary hearing was held and the trial court entered its judgment which provided that appellant was found "guilty of contempt of this Court because of said refusal to comply with said order, and that he is committed to the _____ County Jail[2] until such time as he has purged himself of this contempt by

1. Payment of all arrearages herein immediately or

2. Presenting a plan to the Court that it will approve for the payment of arrearages herein."

The record does not show what action, if any, was taken on the contempt order after the judgment was entered.

■ Although not raised by the parties, we consider the issue of the appealability of the trial court's order *sua sponte*. *Hamilton v. Hamilton*, 661 S.W.2d 82, 83 (Mo.App.1983). In order for an appeal to lie, there must be a final judgment or order. § 512.020, RSMo (1978); *Hamilton*, 661 S.W.2d at 83.

---

1. Petitioner brought a motion for contempt, or in the alternative, to modify the dissolution decree. The motion to modify was stricken and petitioner proceeded on the motion for contempt.

2. The form used by the court was left blank regarding a specific jail.

A civil contempt order is not a final judgment for purposes of appeal until the order is enforced. *Smith v. Smith,* 676 S.W.2d 65, 66 (Mo.App.1984). Under the *Hamilton* decision, a person found in civil contempt has two options. He may purge himself of contempt by complying with the court's order. If that is done the case becomes moot and unappealable. If, instead, he chooses to appeal, he must wait until the court's order is enforced by actual incarceration pursuant to a warrant of commitment. The contemnor who chooses the second option would be entitled to release on bail pending his appeal. *Hamilton,* 661 S.W.2d at 83; *Smith,* 676 S.W.2d at 66. In this case the record does not show that appellant has purged himself of contempt nor does it show his arrest, confinement and bond. The order is therefore interlocutory and not appealable. *Hamilton,* 661 S.W.2d at 83; *Smith,* 676 S.W.2d at 66; *Smith v. Smith,* 678 S.W.2d 8, 9 (Mo.App.1984).

The appeal is dismissed without prejudice as premature.

DOWD, P.J., and CRIST, J., concur.