**Marilyn R. YALEM, Plaintiff–Respondent,**

v.

**Richard Lewis YALEM, Defendant–Appellant.**

No. 58792.

Missouri Court of Appeals, Eastern District, Division Four.

June 28, 1991.

Charles M. Shaw, Joseph Howlett, Clayton, for defendant-appellant.

Mark H. Levison, John E. Bardgett, Denise Thomas, Clayton, for plaintiff-respondent.

SATZ, Judge.

This is a contempt action arising out of a dissolution case. Defendant Richard Yalem appeals from an order of the Circuit Court of St. Louis County finding him in contempt for failure to pay maintenance to plaintiff Marilyn Yalem as ordered in the dissolution decree. This is the third time Mr. Yalem has appealed trial court orders finding him in contempt for failure to pay maintenance. Our two earlier opinions,

*Yalem v. Yalem*, 801 S.W.2d 439 (Mo.App. 1990), and *Yalem v. Yalem*, 800 S.W.2d 811 (Mo.App.1990), both of which were handed down after the instant appeal was filed, disposed of three of the five Points Mr. Yalem now raises, Points I, II, and IV. We dismiss the remaining Points without prejudice as premature.

The marriage of the parties was dissolved April 12, 1988. The decree of dissolution incorporated a separation agreement by which Mr. Yalem agreed to pay Mrs. Yalem $2,750 per month as maintenance. On May 4, 1990, Mrs. Yalem filed the motion for contempt in issue here, alleging Mr. Yalem failed to pay the decretal amount of maintenance due for March, April and May, 1990. At the hearing on the motion, Mr. Yalem failed to appear in person and appeared by his attorney. The trial court found Mr. Yalem in contempt for failure to pay the maintenance in issue and for failure to appear at the contempt hearing. The court then issued a "Warrant [of Arrest] and Commitment Order" which was certified and delivered to the attorney for the St. Louis County Police Department.

However, there is no showing in the record before us that Mr. Yalem has purged himself of contempt by paying the maintenance that is due, nor is there any showing that the warrant and commitment order have been served and properly executed.

This appeal is premature. In order for an appeal to lie, there must be a final judgment or order. Section 512.020, RSMo 1986; *Hamilton v. Hamilton*, 661 S.W.2d 82, 83 (Mo.App.1983). An order finding a party in contempt is not a final judgment until it is enforced, which, among other things, requires the contemnor's incarceration pursuant to the warrant of commitment. *Hamilton, supra; City of Pagedale v. Taylor*, 790 S.W.2d 516, 518 (Mo. App.1990). There is no showing in the record before us that Mr. Yalem has been arrested, confined or posted bond. The contempt order is therefore interlocutory and not appealable. *Hamilton, supra.*

We, therefore, lack jurisdiction to hear this appeal. *Id.*

The appeal is dismissed as premature.

SMITH, P.J., and CARL R. GAERTNER, J., concur.