Petition of Dianna Raye CARROLL, Petitioner.

In re APPLICATION FOR CERTIFIED STATEMENT TO OBTAIN LICENSE WITHOUT SOCIAL SECURITY NUMBER OR PHOTOGRAPH.

No. 17698.

Missouri Court of Appeals, Southern District, Division Two.

April 23, 1992.

Dianna Raye Carroll, pro se.

FLANIGAN, Chief Judge.

Dianna Raye Carroll, a resident of Ozark County, filed an application in the Circuit Court of Ozark County, seeking a "certified statement of the circuit court" to be used by her for presentation to the director of revenue for the purpose of obtaining a noncommercial driver's license without a social security number, and without the photograph of the licensee. She appeals from an order of the circuit court denying her application.

Appellant, who appears pro se and did so in the trial court, contends that the trial court erred in denying her application for "a certified statement of the circuit court," which she sought for the purposes set forth above. In its order denying the application, the trial court stated that it was not convinced "that [appellant's] current objection to the use of her photograph and social security number is in any way related to a religious tenet of the specified religious denomination."

For the reasons which follow, the issues sought to be presented by this appeal are moot and the appeal is dismissed.

As amended in 1991, (L.1991, H.B. Nos. 202 & 364, § A, eff. Jan. 1, 1992), § 302.181 RSMo reads, in pertinent part:

5. The director of revenue shall issue a non-commercial driver's license without a social security number to an applicant therefor, who is otherwise qualified to be licensed, upon presentation to the director of a *certified statement* that the applicant objects to the display of the social security number on the license. The director shall assign an identification number, that is not based on a social security number, to the applicant which shall be displayed on the license in lieu of the social security number.

6. The director of revenue shall issue a license without the photograph to an applicant therefor, who is otherwise qualified to be licensed, upon presentation to the director of *a certified statement* on forms prescribed and made available by the department of revenue which states that the applicant is a member of a specified religious denomination which prohibits photographs of members as being contrary to its religious tenets. The license shall state thereon that no photograph is required because of the religious affiliation of the licensee. (Emphasis added.)

The proceedings in the trial court took place in 1991, prior to the effective date of the present statute.

Section 302.181, prior to being amended in 1991, required a person seeking issuance of a license without a social security number to present to the director *"a certified statement of the circuit court* of the county in which the applicant resides, stating that the applicant is a member of a specified religious denomination which prohibits the release or use of identification numbers by members as being contrary to its religious tenets." (Emphasis added.) Similarly, the prior version of the statute required an applicant, seeking issuance of a license without a photograph of the licensee, to present to the director "a certified state-

ment of the circuit court of the county in which the applicant resides, stating that the applicant is a member of a specified religious denomination which prohibits photographs of members as being contrary to its religious tenets." [1]

In short, the old statute required "a certified statement of the circuit court." Although the present statute requires certified statements, and their contents are prescribed, they need not be certified statements of the circuit court. It is, accordingly, unnecessary to determine whether the trial court erred in rejecting appellant's application for the "certified statement of the circuit court" which the former statute required but which the present statute does not require.

In terms of justiciability, a case is moot if a judgment rendered on the subject matter for decision has no practical effect upon an existent controversy. Thus, a case on appeal becomes moot when the issue for review ceases to live. A case, vital at inception of appeal, may cease to live when, during pendency, an intervenient event so alters the positions of the parties or subject matter that a decision adjudicates no rights but delivers only a hypothetical opinion. A statute may be such an event. Where an enactment supersedes the statute the litigants rely on to define their rights, the appeal no longer presents an actual controversy, and the case will be dismissed as moot.

*Grogan v. Hays*, 639 S.W.2d 875, 877 (Mo. App.1982) (citing authorities).

Similarly in *St. Louis County v. Village of Peerless Park*, 726 S.W.2d 405, 409 (Mo. App.1987), the court said: "Where an amendment changes the statute on which the litigants rely to define their rights in such a way that the appeal in effect presents only hypothetical questions, this court may dismiss the appeal as moot. This is the case even though the amendment followed the appeal."

Even if the trial court's order was appealable, a matter which need not be and is not decided, this appeal no longer presents an actual controversy and is moot.

The appeal is dismissed.

MAUS and MONTGOMERY, JJ., concur.

---

1. The following language is included in the amended version of § 302.181.6: "The director of revenue shall establish guidelines and furnish to each circuit court such forms as the director deems necessary to comply with this subsection. The circuit court shall not charge or receive any fee or court cost for the performance of any duty or act pursuant to this subsection." The same language was included in the predecessor statute, § 302.181.5 RSMo 1986. Appellant's brief makes no mention of the foregoing language, and the record contains no such "guidelines" or "forms." Accordingly, the matters set forth in this footnote constitute no basis for reversal.