**STATE of Missouri, ex rel. Karen Kay WATSON, Petitioner–Respondent,**

v.

**Kurt Allen WATSON, Respondent–Appellant.**

No. 18313.

Missouri Court of Appeals, Southern District, Division Two.

Aug. 9, 1993.

Charles B. Cowherd, Taylor, Stafford, Woody, Cowherd & Clithero, Springfield, for respondent-appellant.

Johnnie J. Burgess, Asst. Pros. Atty., Greene County, Springfield, for petitioner-respondent.

FLANIGAN, Judge.

On March 16, 1990, the marriage of Karen Kay Watson and Kurt Allen Watson was dissolved by a judgment entered in the Circuit Court of Greene County, and Kurt was ordered to make monthly payments of maintenance and child support.

On July 2, 1991, Karen filed a "Motion for Contempt," based on Kurt's failure to make payments, and the court issued an "Order to Show Cause" directed to Kurt. On July 28, 1992, a hearing was held, and both sides introduced evidence. At the conclusion of the hearing, the court entered a "Judgment of Contempt" and a "Warrant and Order of Commitment." Pursuant to the warrant and order of commitment, the Sheriff of Greene County took Kurt into custody.

On August 7, 1992, Kurt filed his notice of appeal from the judgment of contempt and warrant and order of commitment. On this appeal, Kurt contends that the judgment of contempt and the warrant and order of commitment are invalid in that they fail to set forth the facts and circum-

stances which constituted contempt on the part of Kurt and merely set forth conclusions. These contentions are sound.

In *In re Estate of Zimmerman,* 820 S.W.2d 617, 620[6] (Mo.App.1991), the court said:

In a civil contempt case, *both* the contempt judgment and the order of commitment must set forth the facts and circumstances which constitute contempt. *Yalem v. Yalem,* 801 S.W.2d 439, 441 (Mo.App.1990). *See* § 476.140, RSMo 1986. This requirement is jurisdictional in contempt cases. *Ex parte Neal,* 507 S.W.2d 674, 681 (Mo.App.1974). (Emphasis in original.)

A civil contempt order is not a final judgment for purposes of appeal until the order is enforced. *Niehoff v. Forney,* 692 S.W.2d 635, 637[2–4] (Mo.App.1985). The contemnor has the option of purging himself of contempt by complying with the court's order. If that is done, the case becomes moot and unappealable. If, instead, he chooses to appeal, he must wait until the court's order is enforced by actual incarceration pursuant to a warrant of commitment. The contemnor who chooses the second option is entitled to release on bail pending his appeal. *Id.* Where the record on appeal does not show that the contemnor has purged himself of contempt, and does not show his arrest and confinement and bond, the order is interlocutory and not appealable. *Niehoff,* at 637; *Smith v. Smith,* 678 S.W.2d 8, 9[4] (Mo.App.1984); *Hamilton v. Hamilton,* 661 S.W.2d 82, 83[4] (Mo.App.1983).

For the reasons which follow, this case is moot.

On the same day he filed his notice of appeal, August 7, 1992, Kurt filed in this court a petition for writ of habeas corpus. Kurt's petition alleged that his incarceration was unlawful because the judgment of contempt was invalid for the same reason which he advances on this appeal.

On August 7, 1992, this court issued an order directed to the trial judge and the sheriff, requiring them to show cause, in writing and by a specified date, why a writ of habeas corpus should not be issued and Kurt discharged. The order to show cause was duly served.

On August 10, 1992, this court issued its order of discharge which recited that no response had been presented to its order to show cause, that there was merit to the petition for writ of habeas corpus, and that Kurt was entitled to discharge. The order contained the following: "It is hereby ordered that [Kurt] be discharged from his detention by the sheriff, based on any purported judgment of contempt and warrant and order of commitment of July 28, 1992."

[A] case on appeal becomes moot when the issue for review ceases to live. A case, vital at inception of appeal, may cease to live when, during pendency, an intervenient event so alters the positions of the parties or subject matter that a decision adjudicates no rights but delivers only a hypothetical opinion.

*Grogan v. Hays,* 639 S.W.2d 875, 877 (Mo. App.1982). See also *Petition of Carroll,* 828 S.W.2d 382, 384 (Mo.App.1992).

The judgment of contempt on which the instant appeal is based was a nullity, and the same is true of the warrant and order of commitment. By reason of this court's order of August 10, 1992, in the habeas corpus proceeding, Kurt is no longer aggrieved by the void judgment. See *Hagen v. Rapid American Corp.,* 791 S.W.2d 452, 454[1, 2] (Mo.App.1990).

The appeal is dismissed.

PREWITT and GARRISON, JJ., concur.