Louis BROCK, Appellant/Cross–Respondent,

v.

Virgie BROCK, Respondent/Cross–Appellant.

Nos. 67996, 68789.

Missouri Court of Appeals, Eastern District, Division Three.

Jan. 14, 1997.

Gary J. Morris, L.C., Ralph Levy, III, L.C., Morris, Seltzer & Levy, Clayton, for Appellant.

R. Jon Bopp, Ballwin, for Respondent.

HOFF, Judge.

Louis Brock (Husband) appeals the judgment and decree entered by the trial court dissolving his marriage. Husband challenges the trial court's judgment in regard to: (1) the distribution of property; (2) orders concerning the marital residence; (3) a maintenance award to Wife; (4) child custody and child support; and (5) attorney's fees. Virgie Brock (Wife) cross-appeals a post-judgment enforcement order of the dissolution decree regarding the sale of the marital residence. We affirm the decree in part; reverse the decree in part and remand for further hearing; and dismiss the cross-appeal.

The parties were married on November 1, 1976. Two children were born of the marriage, who were ages 15 and 16 at the time of trial. Husband filed his petition for dissolution of marriage on October 16, 1993. A trial was held in December of 1994. The trial court filed its judgment dissolving the marriage on March 17, 1995.

On August 21, 1995, the trial court held Wife in contempt for continuing to disregard orders contained within the dissolution of marriage decree regarding the sale of the marital residence and violating a related order of enforcement granted to Husband. While incarcerated for contempt, Wife complied with the trial court's order by signing the documents in controversy and was released from custody. This appeal of the dissolution of marriage decree and cross-appeal of the enforcement order followed.

On appeal, the judgment must be affirmed if it is supported by substantial evidence, is not against the weight of the evidence and neither erroneously declares nor applies the law. *Mills v. Mills*, 663 S.W.2d 369, 371 (Mo.App.1983). The appellant bears the burden of demonstrating trial court error in the judgment. *Calia v. Calia*, 624 S.W.2d 870, 872 (Mo.App.1981). Additionally, we will defer to the trial court's determinations as to the credibility of witnesses. *Mills*, 663 S.W.2d at 371.

On direct appeal, Husband's first six points allege the trial court erred in its distribution of property. First, Husband asserts the trial court erred in dividing the marital property because it awarded Wife a total of $315,812 when the total value of all the marital property was only $81,624. He also alleges the trial court erred in valuing shares of Brockworld Products, Inc. (Brockworld) stock and failing to distribute all the shares. Additionally, Husband contends the trial court erred in entering a cash judgment against him in the amount of $227,500 as an offset for receiving Wife's share of the marital stock because the stock has no value and the remaining $50,380 does not correlate with any division of property, award of maintenance or support.

Furthermore, Husband asserts the trial court erred in dividing Husband's accrued but unpaid salary from Brockworld. Finally, Husband alleges the trial court's decree is

deficient because it does not make sufficient findings of fact as to the items of marital property and their value as required by Missouri law.

We find Husband's second point to be dispositive of the property division and accordingly must reverse the entire property portion of the dissolution judgment.

In Husband's second point, he contends the trial court abused its discretion in awarding Wife $177,120 as an offset for 177,120 shares of Brockworld stock which the trial court found to be her share of the marital stock. Husband argues there was no substantial evidence to support the value assigned to the stock by the trial court because all evidence established that the stock had no market value.

■ At trial, the only evidence regarding the value of the Brockworld stock was a Brockworld balance sheet offered by Husband. This balance sheet was prepared by a Brockworld bookkeeper and was offered with little foundation or explanation. According to this exhibit, the stockholder's equity was a negative $167,580. Neither party offered expert testimony as to the value of the Brockworld stock. Furthermore, there was no definitive testimony by any witness as to the value of the Brockworld stock.

From our review of the balance sheet, there is not substantial or competent evidence to support the trial court's implied value of the Brockworld stock as one dollar per share, a total value of $371,250. Since the proper value of the Brockworld stock is essential to achieving a just division of property, we must reverse the entire portion of the dissolution decree regarding the division of property and remand to the trial court for further hearing. As a result, we will not otherwise address Husband's other five points regarding the division of property.

Husband's seventh and eighth points relate to trial court orders concerning the sale of the marital residence. Husband contends the trial court erred by ordering Husband to pay any costs of preparing the marital residence for sale and costs of any necessary major repairs to the house before sale because the trial court ordered these costs to be based on the recommendation and at the sole discretion of the listing agent. Additionally, Husband asserts the trial court erred by failing to order deductions of Husband's payments on the first and second mortgages, major repairs, and insurance from the sale proceeds before the division of those proceeds between Husband and Wife. Because we find the entire property division must be reversed and remanded and the marital residence is an integral part of the marital property, we will not address Husband's seventh and eighth points. Upon rehearing, the trial court is directed to be more specific regarding the division of the marital residence and any credits for payments made by either party. In addition, necessary home repairs should not be ordered based on a third party's discretion except by agreement of the parties.

In his ninth point, Husband argues the trial court erred in awarding Wife permanent maintenance because there was no substantial evidence to support such an award. Husband contends Wife is able to support herself by appropriate employment outside the home and her circumstances as custodian of the children make it appropriate for her to seek employment outside the home.

■ A trial court has broad discretion in determining maintenance. *Rich v. Rich*, 871 S.W.2d 618, 624 (Mo.App.1994). In a marriage where a spouse relies on the other spouse for monetary support, and is out of the marketplace, thereby injuring the spouse's marketable skills, this type of reliance may warrant an award of maintenance. *Woolsey v. Woolsey*, 904 S.W.2d 95, 99 (Mo. App.1995). Section 452.335.1 RSMo 1994 provides:

In a proceeding for ... dissolution of marriage ..., the court may grant a maintenance order to either spouse, but only if it finds that the spouse seeking maintenance:

(1) Lacks sufficient property, including marital property apportioned to him, to provide for his reasonable needs; and

(2) Is unable to support himself through appropriate employment or is the custodian of a child whose condition or circumstances make it appropriate that the custodian not be required to seek employment outside the home.

■ Additionally, the trial court, has broad discretion in determining the duration of a maintenance award. *Rich,* 871 S.W.2d at 622. We will not disturb a permanent maintenance award unless the trial court abused its discretion. *Id.* Furthermore, a trial court is only justified in limiting the duration of a maintenance award when substantial evidence of an impending change in the financial conditions of the parties exists. *Id.* at 623. In order to limit the duration of a maintenance award, there must at least be substantial evidence that such a change will occur. *Id.* If no such evidence exists, the maintenance award should be for unlimited duration subject to modification if either party's financial conditions changes. *Id.*

■ The trial court found Wife "to be in good health and capable of gainful employment," so the trial court imputed income to Wife in the amount of $1,000 per month. Additionally, the trial court found that Wife had "no recent employment history and is unable to completely support herself through appropriate employment." Furthermore, the trial court found that Wife "lack[ed] sufficient property, including marital property apportioned to her to provide for her reasonable needs."

The evidence at trial supports the trial court findings. The evidence indicates that although Wife has a lifetime teaching certificate in the State of Missouri that allows her to teach math from seventh to ninth grade as well as French from seventh to twelfth grade, at the time of trial she had not taught school for over 18 years. Immediately before Husband and Wife were married, Wife quit her teaching job because it interfered with Husband's travelling schedule while playing professional baseball. The evidence also indicates that Wife is the primary custodian of the couple's two minor children. Ad-

ditionally, there is no evidence that Wife's financial condition will improve in the future.

■ Husband argues that a maintenance award should not have been granted because his expert testified to the availability of jobs for a person with Wife's educational background. However, the evidence indicates that Husband's expert never met or talked with Wife. Husband's expert admitted he had never before attempted to find employment for a teacher with Wife's experience and qualifications who had not taught school for over 18 years. Given the evidence presented at trial, the trial court did not abuse its discretion by concluding that Wife was not immediately employable as a teacher and that her earning capacity was uncertain. Additionally, the trial court properly considered the factors required under the statute governing maintenance awards. There is substantial evidence to support the trial court's award of maintenance to Wife. Point denied.

In his tenth point, Husband asserts the trial court erred in awarding Wife maintenance in the amount of $2,400 per month. Husband contends the trial court grossly overstated Husband's income because there was no substantial evidence to support a finding that Husband earned $132,000 per year. Additionally, Husband argues the trial court grossly understated Wife's income capacity because the weight of the evidence established that Wife could earn at least $18,000 per year if she were to seek employment.

We restate that the trial court has broad discretion in determining an award of maintenance. *Id.* at 624. We will not disturb an award of maintenance absent an abuse of the trial court's discretion. *Woolsey,* 904 S.W.2d at 99.

In reviewing the maintenance award, we first consider Husband's yearly income. In Husband's Rule 88.01 Form 14 filed with the trial court, he listed his monthly gross income at $7,342, or $88,104 per year. However, the evidence indicates that Husband had

been receiving $50,000 per year for the last seven years of the marriage from Brockworld in addition to the $88,104 earned. This makes Husband's yearly income more than $132,000. Therefore, there is substantial evidence to support the trial court's finding that Husband earned $132,000 per year.

Next, we consider the $12,000 yearly income the trial court imputed to Wife. A trial court has discretion in imputing income to a custodial parent who is unemployed. *Id.* We find the trial court did not err in imputing $1000 income to Wife as monthly income given her background and her role as primary custodian of the children. Based on Wife's situation and the evidence of her needs and expenses, the trial court did not abuse its discretion in its award of $2400 to Wife as permanent maintenance. Point denied.

In his eleventh point, Husband contends the trial court erred in awarding Wife child support in the amount of $1,613 per month because there was no substantial evidence to support such an award. Husband argues that no evidence existed to support the trial court's findings that Husband earned $132,000 per year and that Wife could only earn $12,000 per year if she were employed. Finally, Husband asserts that undisputed evidence supported the fact that Husband's financial situation was going to change.

As noted earlier, the trial court's finding that Husband earned $132,000 per year and the trial court's imputation to Wife of a $12,000 income per year is supported by substantial evidence. Given these findings, the combined income of Husband and Wife is $12,000 per month. Wife's contribution is 8% of that amount. Under Form 14 guidelines for two children where the parents are earning $12,000 per month, the child support per month is $1,776. Wife's share is approximately $163 per month. Husband's share is $1,613 per month. This evidence substantially supports the trial court's order that Husband pay Wife $806.50 per month for support of each of the two minor children. The amount of child support awarded to Wife for support of the two minor children is in compliance with Form 14. Therefore, the trial court did not abuse its discretion.

In his twelfth point, Husband asserts that although the trial court expressly found that joint legal custody is in the best interest of the children, the effect of the trial court's order awarded Wife sole custody of the children. Husband argues that because of this inconsistency, the trial court erred.

Husband's argument is without merit. After reviewing the trial court's judgment, we find that Wife was not given sole legal custody of the children. In its findings of fact and conclusions of law, the trial court found "[t]he best interest of the minor children would be served by the Wife and Husband having joint legal custody and by placing their primary physical custody with the Wife."

Later, in the trial court's judgment and order, Wife was ordered to share legal custody equally with Husband. In paragraph 16 and sub-paragraphs A—C, the trial court ordered that Husband and Wife share in all decisions regarding the children. The trial court specified how Husband was to be involved in the "day to day decision-making" process to ensure that decisions regarding the children were made jointly in accordance with the trial court's order.

Additionally, the trial court's order specifically stated: "Wife is awarded primary physical custody of the children, and Husband shall have reasonable visitation and temporary custody of the ... children." In order to ensure Husband's visitation and temporary custody, the trial court ordered a specific schedule to be followed if Husband and Wife could not agree on their own schedule. Furthermore, Wife was ordered not to move the children from Missouri for more than ninety days without prior written permission of Husband or the trial court.

We find joint legal custody was specifically ordered by the trial court. The responsibili-

ty of making decisions regarding the children was ordered to be shared between Husband and Wife. The trial court did not abuse its discretion by ordering that Husband and Wife share the decision-making regarding the children when it ordered that Husband and Wife shall have joint legal custody of the children. Point denied.

In his thirteenth point, Husband contends the trial court erred in awarding Wife her attorney's fees. Husband argues that even if the trial court divided the marital property correctly, Wife had abundant financial resources to pay her own attorney's fees after such division of the marital property.

The trial court may order a party to pay a reasonable amount for the other party's attorney's fees after considering all the relevant factors including the financial resources of both the parties. § 452.355.1 RSMo 1994.

The trial court has broad discretion in awarding or denying attorneys' fees. *Rich,* 871 S.W.2d at 627. The trial court's ruling with respect to the distribution of attorney's fees is presumptively correct. *Cohn v. Cohn,* 841 S.W.2d 782, 787 (Mo.App. 1992). We will not disturb the trial court's ruling regarding attorneys' fees absent an abuse of the trial court's discretion. *Rich,* 871 S.W.2d at 627.

In the trial court's findings of fact and conclusions of law, it stated "Wife's attorney fees[,] reasonably chargeable to Husband [after] consideration of the respective financial conditions of the parties and all other relevant factors[,] are $5,000." The trial court ordered these fees to be paid by Husband directly to Wife's attorney.

The trial court ordered Husband to pay Wife's attorney's fees after considering all the relevant factors under § 452.355.1 RSMo 1994 including the financial resources of Husband and Wife. Therefore, the trial court did not abuse its discretion. Point denied.

In the first and only point on cross-appeal, Wife asserts the trial court erred in granting Husband's post-judgment motion to enforce the judgment and decree of dissolution in regard to the sale of the marital residence. Wife argues the trial court's order was in excess of its jurisdiction and is, therefore, void. We find Wife's cross-appeal to be moot.

On June 21, 1995, Husband filed a motion to enforce the judgment and decree of dissolution. In his motion, Husband asserted that Wife had failed to comply with a requirement in the dissolution decree ordering Wife to fully cooperate with the sale of the marital residence. Husband asked that Wife be ordered to execute a sale contract and supplemental sale contract, as well as a quit claim deed so the marital residence could be sold as the decree ordered.

After a hearing on June 29, 1995, the motion court sustained Husband's motion to enforce and ordered Wife to execute the contracts and quit claim deed. Wife filed a writ of prohibition with this Court that was denied on July 21, 1995. However, Wife continued to disregard the enforcement order. Thereafter, Husband filed a motion for contempt. On August 21, 1995, the trial court held Wife in contempt and ordered her committed to the St. Louis County Department of Corrections until she signed the contracts and quit claim deed. After four hours of confinement, Wife complied with the trial court order and was released from custody. This cross-appeal of the enforcement order followed.

A person found in civil contempt has two options. *Niehoff v. Forney,* 692 S.W.2d 635, 637 (Mo.App.1985). First, the person may purge himself of contempt by complying with the trial court's order. *Id.* If the person purges himself, the case becomes moot and unappealable. *Id.* Second, the person may choose to appeal the order. *Id.* If the person chooses to appeal, he must wait until the trial court's order is enforced by actual incarceration pursuant to a warrant of commitment. *Id.* Thereafter, the person in contempt is entitled to bail pending his appeal. *Id.*

Although Wife was incarcerated after being held in contempt of the enforcement order and could have appealed at that time, she chose instead to purge herself by signing the documents. Therefore, since Wife purged herself, this appeal is moot. Accordingly, we dismiss Wife's cross-appeal.

Decree of dissolution affirmed in part and reversed and remanded in part for further hearing. Cross–Appeal dismissed.

CRAHAN, P.J., and GRIMM, J., concur.