In re the MARRIAGE OF Karen
Kay BEAVER and Richard
Lee Beaver, Sr.

Karen Kay BEAVER, Respondent,

v.

Richard Lee BEAVER, Sr., Appellant.

No. 21574.

Missouri Court of Appeals,
Southern District,
Division One.

Nov. 7, 1997.

Richard L. Beaver, Sr., Jefferson City, pro se.

Jim S. Green, Sikeston, for Respondent.

CROW, Judge.

The marriage of Karen Kay Beaver ("Obligee") and Richard Lee Beaver, Sr. ("Obligor") was dissolved in 1981. The dissolution decree ordered Obligor to pay Obligee maintenance and child support.

The trial court modified the decree in 1984, reducing maintenance but not child support.

The trial court modified the decree again in 1987, reducing both maintenance and child support.

On September 12, 1995, Obligee filed a motion averring Obligor owed her $20,786.40 as of September 1, 1995. The motion prayed the trial court to order Obligor to show cause why he should not be punished for contempt.

The trial court, after hearing testimony by Obligee,[1] filed a judgment February 5, 1997, determining that *exclusive of interest,* Obligor owed Obligee "the principal sum of $4,140.00." However, the judgment further provided:

"Because of the lengthy and bizarre history of this litigation, the Court is unable to ascertain at this juncture whether [Obligor's] failure to pay to [Obligee] the above child support and maintenance delinquency is contumacious, or rather results from confusion on his part, before *this* judgment, in making proper numerical calculations subsequent to the previous Contempt Judgment entered herein. Therefore, the [Obligee's] Motion for Contempt is denied. The parties are encouraged to attempt to ascertain, by agreement, through counsel, the method and time table for payment of the above principal judgment, and additionally resolve, by agreement, the matter of interest accumulated to date upon [Obligor's] indebtedness to [Obligee].

Should the parties fail to do so, unless this judgment is earlier reversed or amended by an appellate court, this Court will have no option except to entertain further proceedings brought by either party including Motions for Contempt."

Obligor brings this appeal, presenting six assignments of error. However, as henceforth explained, we find the judgment unappealable; consequently, we do not reach any of Obligor's claims of error.

Our determination that the judgment lacks appealability requires a chronological account of the pertinent events.

The dissolution decree was filed June 5, 1981. The decree awarded Obligee "primary custody" of the parties' minor child. The decree ordered Obligor to pay Obligee $600 per month maintenance and $400 per month child support.

The decree was modified by an order filed June 22, 1984 ("the 1984 modification"). That order reduced maintenance to $100 per month beginning July 1, 1984, but left child support unchanged.[2]

Obligee commenced a contempt proceeding against Obligor in 1986. Obligor responded with a motion to modify.

On October 20, 1986, the trial court entered a "Judgment of Contempt" ("the 1986 contempt judgment") containing numerous findings. Among them was a determination that after granting Obligor all credits to which he was entitled, he owed Obligee $5,600 maintenance and $4,000 child support as of August 4, 1986. Those sums did not include "statutory interest."

The trial court ordered Obligor jailed for contempt until he paid the arrearages; however, the judgment permitted Obligor to purge himself of contempt by paying the arrearages in installments of $100 per month ($20 to be applied against delinquent maintenance and $80 to be applied against delinquent child support). Said payments were to begin November 1, 1986, and were to increase to $300 per month ($60 to be applied against delinquent maintenance and $240 to be applied against delinquent child support) when Obligor "obtains employment or enters self employment." Payments were to continue "until all of said arrearages have been fully paid."

On December 15, 1987, the trial court entered a "Modification of Decree" ("the 1987 modification"), reducing maintenance to $25 per month and reducing child support to $200 per month. The reductions were effective retroactively to November 1, 1987.

On May 9, 1989, the trial court approved and filed a "Stipulation for Orders by Consent of the Parties" ("the 1989 consent order"). It provided, *inter alia,* that Obligee would not ask the court to enforce the 1986 contempt judgment so long as Obligor:

1. Obligor was represented by counsel at the hearing, but failed to appear in person.

2. The 1984 modification was affirmed by this court in an unpublished memorandum opinion per Rule 84.16(b), Missouri Rules of Civil Procedure (1985).

" ... shall make and maintain as current the present child support ($200.00 per month) and maintenance ($25.00 per month) and in addition thereto the sum of $250.00 on delinquent child support and maintenance or a total monthly sum of $475.00 per month commencing April 1, 1989."

The activity that generated the instant appeal began six years later, when Obligee filed the motion identified in the fourth paragraph of this opinion. The motion did not aver Obligor was in violation of the 1989 consent order, nor did the motion aver Obligor was in violation of the 1986 contempt judgment (the judgment on which the 1989 consent order was based). Instead, as we have seen, Obligee's motion simply pled Obligor was delinquent on maintenance and child support totalling $20,786.40.

In response to Obligee's motion, Obligor filed a "Motion to Dismiss." It made several attacks on Obligee's motion, some of which are repeated by Obligor in this appeal.

The trial court took Obligor's motion to dismiss with the case and denied it upon entering the judgment presently under review.

The judgment reveals the trial court began its deliberation on Obligee's motion by finding that as of August 4, 1986, Obligor owed Obligee $9,600, exclusive of interest. That finding is consistent with the 1986 contempt judgment, mentioned earlier in this opinion.

The trial court further found that as of "December, 1991," Obligor ceased paying "the child support and maintenance arrearages owed [Obligee] and has made no further payment upon such delinquency since that time." Next, the trial court found that on January 1, 1992, arrearages of "past child support and past maintenance" owed by Obligor to Obligee amounted to "the principal sum of $4,640.00."[3]

The trial court then found Obligor was entitled to a $500 credit against the arrearages for payments Obligor made through the court clerk to the parties' child following the child's emancipation.[4] Applying the $500 credit against the $4,640 arrearages, the trial court, as reported earlier in this opinion, ruled Obligor owed Obligee $4,140, exclusive of interest.

Obligee's first response to the instant appeal was a motion praying this court to dismiss it. Obligee argued, *inter alia,* that the judgment "is not a final appealable order in that it requires the parties to negotiate the question of interest or return to the [trial] Court."

As stated earlier in this opinion, we find the judgment unappealable. However, we base our holding on a different ground than the one tendered by Obligee.

We begin our analysis by identifying the nature of the judgment. One provision thereof is:

"Exclusive of interest, judgment is entered in favor of [Obligee] and against [Obligor] in the principal sum of $4,140.00."

Although that provision is ostensibly a money judgment, the pleadings before the trial court did not call upon the court to enter a money judgment. Obligee already had a money judgment against Obligor. It consisted, in the aggregate, of: (a) the $600 per month maintenance and $400 per month child support awarded in the 1981 dissolution decree, which accrued month-by-month until July 1, 1984, the effective date of the 1984 modification;[5] (b) the $100 per month main-

---

**3.** The trial court evidently determined Obligor had made progress in reducing the arrearages during the period between the 1986 contempt judgment and January 1, 1992. An attentive reader will recall that the 1986 contempt judgment recited that Obligor owed Obligee $9,600 ($5,600 maintenance and $4,000 child support) as of August 4, 1986.

**4.** *Obligor's brief asserts the child was born July 26, 1969.* In examining the portion of the record cited by Obligor in support of that declaration, we discover a set of answers to requests for admissions. That source establishes only that the child was 19 years of age as of December 7, 1988.

**5.** When a judgment or decree requires payment of maintenance or child support in specific amounts at designated intervals, each periodic payment becomes due at the time specified in the judgment or decree, and the amounts fixed in the judgment or decree accrue installment-by-installment until the judgment or decree is modified. *See: In re Marriage of Holt,* 635 S.W.2d 335,

tenance and $400 per month child support awarded in the 1984 modification, which accrued month-by-month until November 1, 1987, the effective date of the 1987 modification; (c) the $25 per month maintenance and $200 per month child support awarded in the 1987 modification. The child support awarded in the latter modification continued to accrue month-by-month until the child became emancipated.[6] The maintenance ($25 per month) awarded in said modification evidently continues to accrue month-by-month as of today, as we espy nothing in the record disturbing that award.

It is thus obvious that the task before the trial court when it entered the judgment presently under review was not to enter a money judgment. Instead, the trial court's task was to determine whether Obligor should be held in contempt for failure to pay the maintenance and child support due Obligee per the awards identified in clauses "(a)" through "(c)" in the preceding paragraph.

The trial court had faced a similar task a decade earlier when it entered the 1986 contempt judgment. As previously noted, on that occasion the trial court allowed Obligor to avoid incarceration by paying monthly installments against the arrearages which, according to the 1986 contempt judgment, totaled $9,600, exclusive of interest, as of August 4, 1986.

The contempt issue arose again in 1989 and was resolved by the 1989 consent order. It provided that Obligee would not ask the trial court to enforce the 1986 contempt judgment if Obligor paid each future installment of maintenance and child support when due and, in addition, paid $250 per month against the arrearages.

It is noteworthy that the 1989 consent order contained no finding as to what the arrearages were at that time. Our examination of the record reveals that the only occasion on which the trial court determined the amount of arrearages—prior to the judgment presently under review—was when the court entered the 1986 contempt judgment. As

noted earlier, that judgment recited that as of August 4, 1986, the arrearages totaled $9,600, exclusive of interest.

Obligor proclaims the 1989 consent order "constitutes a legally binding executory accord, which is only subject to the following $475 monthly satisfaction payments that followed." The $475 payments referred to by Obligor comprised $25 per month current maintenance, $200 per month current child support, and $250 per month to be applied against the arrearages which existed when the 1989 consent order was entered.

As we comprehend Obligor's hypothesis, he has the notion that in calculating the amount of maintenance and child support Obligor owed Obligee as of the date of the judgment presently under review, the trial court was barred from taking into account the amounts to which Obligee became entitled under the 1981 dissolution decree, the 1984 modification and the 1987 modification. If that be Obligor's belief, he is wrong.

Neither the 1986 contempt judgment nor the 1989 consent order affected the amount of maintenance or child support to which Obligee became entitled each month. As explained earlier, those amounts were fixed by the 1981 dissolution decree, as modified by the 1984 modification, and as further modified by the 1987 modification.

The 1986 contempt judgment did not alter the amount of ongoing monthly maintenance and ongoing monthly child support Obligor owed Obligee. The 1986 contempt judgment merely: (1) determined Obligor owed Obligee arrearages of $5,600 maintenance and $4,000 child support as of August 4, 1986, exclusive of interest, and (2) allowed Obligor to stay out of jail by paying those arrearages in specified monthly installments. Whether each party is now bound by the finding in the 1986 contempt judgment that Obligor owed Obligee arrearages of maintenance and child support totalling $9,600 as of August 4, 1986, exclusive of interest, is an issue we need not decide, as we are dismissing this appeal.

337–38 (Mo. banc 1982); *Ferguson v. Ferguson,* 636 S.W.2d 323, 324 (Mo. banc 1982).

**6.** One of Obligor's claims of error asserts the child became emancipated July 26, 1990. Inasmuch as we hold *infra* that this appeal must be dismissed, we do not reach that issue.

The 1989 consent order, like the 1986 contempt judgment, did not alter the amount of ongoing monthly maintenance and ongoing monthly child support Obligor owed Obligee. The 1989 consent order merely changed the amounts Obligor had to pay Obligee toward the arrearages in order to avoid enforcement of the 1986 contempt judgment.

Obligee's goal in filing her motion of September 12, 1995, was to have Obligor punished for contempt for failing to pay alleged arrearages of maintenance and child support (presumably including such new arrearages—if any—as had accrued since the 1989 consent order). Obviously, one issue the trial court had to resolve was whether any arrearages existed. The trial court resolved that issue by finding Obligor owed Obligee $4,140, exclusive of interest.

However, the trial court declined to punish Obligor for contempt. The segment of the judgment quoted earlier in this opinion clearly states that Obligee's motion is denied. The trial court's rationale for denying Obligee's motion is set forth in the quoted excerpt.

Obligee had the right to appeal from the judgment. *Fugitt v. Fugitt*, 850 S.W.2d 396, 400[4] (Mo.App. S.D.1993). However, she did not exercise that right.

Even though Obligee could have appealed, it does not necessarily follow that Obligor can appeal.

■ A civil contempt order is not a final judgment for purposes of appeal until the order is enforced. *State ex rel. Watson v.*

*Watson,* 858 S.W.2d 841, 842[1] (Mo.App. S.D.1993). The contemnor has the option of purging himself of contempt by complying with the order. *Id.* at [2]. If that occurs, the case becomes moot and unappealable. *Id.* If the contemnor chooses to appeal, he must wait until the order is enforced by actual incarceration pursuant to a warrant of commitment. *Id.* A contemnor who chooses that option is entitled to release on bail pending appeal. *Id.* at [3].

■ Here, the trial court did not find Obligor in contempt, hence the trial court imposed no sanctions on Obligor to compel him to pay Obligee. Indeed, the trial court has yet to determine the total amount Obligor owes Obligee. In the judgment, the trial court determined only that Obligor owes Obligee "the principal sum of $4,140.00." The issue regarding interest owed Obligee by Obligor remains unresolved.

*Watson* clearly demonstrates Obligor's appeal is premature. Whether he will ultimately be entitled to appeal depends on the future findings and orders of the trial court.

Appeal dismissed.[7]

GARRISON, P.J., and PREWITT, J., concur.

---

7. Our dismissal of the appeal renders Obligee's     motion to dismiss the appeal moot.