TAYLOR & ASSOCIATES REPORTING, INC., Plaintiff/Respondent,

v.

James W. O'HERIN, Defendant/Appellant.

No. ED 81966.

Missouri Court of Appeals, Eastern District, Division Two.

Oct. 14, 2003.

Thomas G. Berndsen, Jenkins & Kling, P.C., St. Louis, MO, for respondent.

Bruce Eastman, Florissant, MO, for appellant.

Before GLENN A. NORTON, P.J., KATHIANNE KNAUP CRANE, J. and MARY K. HOFF, J.

PER CURIAM.

Defendant, James W. O'Herin, appeals from a judgment of contempt and warrant of commitment dated November 17, 2000, which ordered a fine of $10,000 plus interest until paid, thirty days incarceration, and an additional day-to-day incarceration until defendant purged himself of contempt. Defendant was jailed in accordance with the warrant of commitment in October, 2002. He filed a notice of appeal on October 21, 2002. On October 30, 2002, defendant filed a petition for a writ of habeas corpus. On November 8, 2002, we issued the writ on the grounds that the warrant of commitment was invalid. Defendant was released from jail on that day. Plaintiff, Taylor & Associates, Inc., has moved to dismiss the appeal.

A civil contempt order is not a final judgment for purposes of appeal until it has been enforced. *In re Marriage of Crow and Gilmore*, 103 S.W.3d 778, 781 (Mo. banc 2003). When the remedy is a fine, it is enforced by execution on the fine. *Id.; City of Pagedale v. Taylor*, 790 S.W.2d 516, 518 (Mo.App. E.D.1990). When the remedy is imprisonment, the traditional rule is that the contempt order is enforced by actual incarceration of the individual pursuant to a warrant of commitment. *Crow*, 103 S.W.3d at 781; *In re Marriage of Beaver*, 954 S.W.2d 717, 721 (Mo.App. S.D.1997). However, the Supreme Court has recently held that an order of commitment is sufficient to enforce a contempt order. *Crow*, 103 S.W.3d at 781–82.

The record does not reflect execution on the fine and there is therefore no final order on this basis. *See 21 West, Inc. v. Meadowgreen Trails, Inc.*, 913 S.W.2d 858, 883 (Mo.App. E.D.1995). Because we found the warrant of commitment invalid, it is a nullity. *State ex rel. Watson v. Watson*, 858 S.W.2d 841, 842 (Mo.App. S.D.1993). As a result, there is no final judgment in this case for purposes of appeal. A final judgment is a prerequisite to appellate review. *Fowler v. Fowler*, 984

S.W.2d 508, 512 (Mo. banc 1999). If there is no final judgment, we lack jurisdiction and must dismiss the appeal. *Id.*[1]

Appeal dismissed.

1. Given our disposition of this case, we do not reach any of the other bases on which this appeal could be dismissed.