**Mary Jane Matthews HAPPY,**
**Respondent,**

v.

**Jack Nelson HAPPY, Appellant.**

**No. WD 50059.**

Missouri Court of Appeals,
Western District.

July 18, 1995.

Keith A. Wenzel, Jefferson City, for appellant.

Renee T. Duffield, Jefferson City, for respondent.

Before HANNA, P.J., and BERREY and SPINDEN, JJ.

BERREY, Judge.

Jack Happy appeals the decision of the circuit court entered on May 16, 1994, finding him in contempt of court.

Happy has not complied with the court order to pay Mary Jane Happy back maintenance in the sum of $18,973.80 plus interest at the rate of 1% per month pursuant to § 454.520, RSMo.1986, within thirty days of the date of the order.

Following a hearing wherein the trial court heard oral arguments of counsel, and after having read all briefs submitted, the trial court entered its order. In part the order read as follows:

> .... [t]his Court finds Respondent to be in contempt of court and orders him to pay petitioner the below stated amount within thirty days from the date of this order or be subject to confinement in the Cole County jail until such time as Petitioner is paid.

To date, Jack Happy has not purged himself of contempt by paying the amount ordered nor has he been arrested, confined, or posted bond. Until one or the other of these contingencies occur, purging the contempt or incarceration to coerce payment, the order is interlocutory and not appealable.

██ There must be a final judgment or order before an appeal will lie, § 512.020, RSMo.1978. A civil contempt order is not a final judgment until it is enforced. *Smith v. Smith,* 676 S.W.2d 65, 66 (Mo.App.1984).

If the contemnor purges himself of contempt by complying with the court's order, the issue becomes moot and unappealable. If, however, he elects to appeal, he must wait until the court's order is enforced and he is actually incarcerated pursuant to a warrant of commitment. *Niehoff v. Forney,* 692 S.W.2d 635, 637 (Mo.App.1985).

Should he be so incarcerated, he is entitled to be released on bail pending his appeal. *Hamilton v. Hamilton,* 661 S.W.2d 82, 83 (Mo.App.1983).

While we would like to address the merits in an effort to nip future litigation in the bud, we cannot. Inasmuch as the contempt order has not been enforced, the appeal is dismissed as premature.

All concur.