**Mary Jane Matthews HAPPY,
Respondent,**

v.

**Jack Nelson HAPPY, Appellant.**

**No. WD 53124.**

Missouri Court of Appeals,
Western District.

Jan. 21, 1997.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 4, 1997.

Application to Transfer Denied
April 29, 1997.

---

Roger Gordon Brown, Jefferson City, for respondent.

Jack Nelson Happy, Newport News, VA, party acting pro se.

Before LOWENSTEIN, P.J., and BERREY and EDWIN H. SMITH, JJ.

EDWIN H. SMITH, Judge.

This is an appeal from two separate orders of the Cole County Circuit Court. The first (Order I), entered on May 16, 1994, found

Jack Nelson Happy (appellant) in contempt of court for failing to pay the maintenance awarded to his former wife, Mary Jane Matthews Happy (respondent). Appellant first appealed Order I to this court in July, 1995, in *Happy v. Happy,* 903 S.W.2d 609 (Mo. App.1995) (*Happy I* ). We dismissed this first appeal for a lack of jurisdiction because we found the contempt order was not final in that he had not purged himself of the contempt. Appellant asserts that we now have jurisdiction to hear his appeal as to Order I because: 1) the order was invalid when it was entered for failure to serve him with a show cause order; and 2) if the order is valid, it is now final in that he has purged himself of contempt by making partial payment of the past due maintenance as a result of the enforcement of a wage withholding order entered by the trial court. Appellant also appeals the trial court's order of July 2, 1996, which, *inter alia,* overruled appellant's motion to quash the wage withholding order.

Appellant asserts four points on appeal. In Points I, III and IV, he alleges errors as to Order I. In Point I, he claims that the trial court erred in entering its contempt order and order of commitment and warrant for arrest, because they are void for failure to serve him with a show cause order. In Point III, he alleges that the trial court erred in entering respondent's contempt order against him for failure to pay maintenance, because in doing so, the trial court, in effect, modified the parties' separation agreement without authority to do so. In Point IV, appellant alleges that the trial court erred in finding him in contempt, because the contempt, in part, was based on the nonpayment of guardian ad litem fees and interest on attorney's fees, which he did not owe under terms of the parties' separation agreement. In Point II, appellant claims the trial court erred in entering its order overruling his motion to quash the wage withholding order because of lack of notice and improperly withheld amounts which violated § 452.350 [1], and because the order was not enforceable as to his wages earned in Virginia.

Because we find that the order of contempt is not invalid and is not final for purposes of appeal, we dismiss appellant's appeal as to Order I. And, because we find that the appellant failed to demonstrate that the trial court's order to withhold wages was invalid and is unenforceable under Virginia law, we affirm the trial court's denial of appellant's motion to quash.

## Facts

Appellant and respondent were divorced on August 8, 1991. The parties' dissolution decree provided that appellant was to make maintenance payments to respondent of $2,000.00 per month. However, appellant deducted a portion from each month's maintenance payments due, arguing that his withholding was an "offset" for his unpaid attorney's fees, which respondent refused to indemnify. He did this in reliance on the parties' separation agreement, which contained a provision stating " ... [h]usband shall be reimbursed for his attorney fees and other expenses resulting from this dissolution, this Agreement, the enforcement of this Agreement and any other matter between Husband and Wife." L.F. 35.

Respondent filed a motion to modify and motion for contempt on December 7, 1993. In her motion for contempt, she asked the court to find appellant in contempt for failure to make full maintenance payments, or, in the alternative, to modify the attorney's fees portion of the separation agreement for unconscionability. She also sought reimbursement for other outstanding expenses and costs the court found proper. On May 16, 1994, the court entered its order of contempt and ordered appellant to pay his remaining maintenance obligation within thirty days or be subject to confinement. The court also determined that the attorney's fees' portion of the separation agreement required respondent to pay only the amount appellant incurred during the dissolution proceeding. It stated:

At the time this Court entered the Decree of Dissolution it had not found § IV(A) of the Separation Agreement to state that Petitioner was to be held liable for all of Respondent's attorney fees both prior to

1. All statutory references are to RSMo 1994, unless otherwise noted.

and subsequent to the dissolution of the marriage. If the Court had understood this to have been the intentions of the parties, it would have found § IV(A) to be unconscionable as against public policy. L.F. 96–97. Thus, in interpreting this provision of the parties' separation agreement, the court determined that appellant was entitled to deduct from his maintenance obligation only the amount of attorney's fees resulting from the dissolution. Finally, the court found that the appellant owed the respondent interest on the amounts he had wrongfully withheld, and appellant was responsible for the outstanding guardian ad litem fee.

After thirty days had elapsed and appellant failed to purge himself of his contempt, the trial court issued its order of commitment and warrant for arrest. The trial court did not sustain respondent's motion to modify the parties' separation agreement. From the order of contempt, appellant appealed. In *Happy I*, 903 S.W.2d at 610, this court determined that we did not have jurisdiction to hear the appeal and dismissed it without addressing the merits of appellant's complaints.

Respondent obtained an order of withholding on January 16, 1996, notice of which was sent to appellant's employer in Virginia. After this, respondent began receiving proceeds from the withholding. Appellant filed a motion for contempt against respondent for failing to deliver personal property, a motion for new trial, and a motion for attorney's fees. He followed this by filing a motion to quash respondent's income withholding on June 24, 1996. On July 2, 1996, the trial court entered Order II, which addressed these motions. It dismissed appellant's motion for contempt, from which dismissal appellant does not appeal. The court also overruled appellant's motion to quash income withholding, which appellant does appeal.

### I. Appeal as to Order I

■ Before we can address the merits of appellant's Points I, III and IV, dealing with the validity of the trial court's contempt order, Order I, we must first determine if we have appellate jurisdiction as to an appeal from this order. Regardless of whether a party raises the issue of appellate jurisdiction, or in what manner, we have a duty, *sua sponte*, to inquire into our jurisdiction. *Home of Hope, Inc. v. McDonald*, 899 S.W.2d 138, 139 (Mo.App.1995).

Respondent claims that we cannot address the merits of appellant's appeal concerning Order I because, as we held in *Happy I*, 903 S.W.2d at 610, the appellant's failure to purge himself of the contempt renders the contempt order non-final and unappealable. However, appellant contends that: 1) regardless of whether Order I is final, it is appealable to determine if it is invalid or void *ab initio* for failure to serve him with a show cause order; and 2) even if it is not invalid or void *ab initio*, Order I is now final for appeal, because he has purged himself of the contempt by reason of the wage withholding. In determining our jurisdiction, we will deal with each of these contentions separately.

### A. Contempt Order Not Invalid Due to Failure to Issue a Show Cause Order

■ We agree with respondent that it is only when an order is considered final that it can be subject to appellate review. *Id.* at 610. Case law in Missouri clearly holds that contempt orders are final for purposes of appellate review when the contemnor either purges himself of the contempt by paying the amount ordered or has been arrested in accordance with the warrant for contempt. *Id.* However, appellant is correct in his assertion that if the error alleged on appeal is the trial court's lack of jurisdiction to hear the motion for contempt, an appeal does lie. *Cooper v. Cooper*, 778 S.W.2d 694, 697 (Mo.App.1989). "A holding of this court that absence of a final judgment deprives this court of jurisdiction is not dispositive because such holding implies there was a valid but not final judgment. The implication fails as a matter of law." *Id.* Thus, in determining our appellate jurisdiction, before determining if the order of contempt is final, we must determine if it is valid.

■ Appellant contends that the contempt order was not valid because he was never served with a show cause order. He cites

several cases to support his contention that a show cause order is mandatory to confer jurisdiction on the trial court to enter an order of contempt. *See, e.g., In re Marriage of Ray,* 820 S.W.2d 341, 344 (Mo.App.1991) (stating that because "[n]o motion to find [contemnor] in contempt had been filed, no show cause order had been requested or issued, and no evidentiary hearing had been held . . .," the trial court erred in making its *sua sponte* ruling); *Taylor v. Taylor,* 548 S.W.2d 866, 869 (Mo.App.1977) (stating that ". . . the remedy for failure of either parent to comply with a court order would be to 'move the court to grant an appropriate order', such as an order to show cause why the offender should not be held in contempt"). Although a trial court cannot enter a contempt order against a party who has not received proper notice, *Id.,* we find the cases Appellant cites do not support his contention that the notice *must* be in the form of a show cause order. Appellant's contention that notice must be by way of a show cause order elevates form over substance.

In analogizing civil to criminal contempt proceedings, case law has delineated the necessary elements as to the necessary notice of contempt: "(1) the time and place of the hearing, (2) the essential facts constituting the contempt charged, and (3) a description of the charge as contempt." *City of Pagedale v. Taylor,* 831 S.W.2d 723, 724 (Mo. App.1992); *see also* Rule 36.01 (stating the rules of criminal contempt proceedings). Thus, in determining whether notice is proper, the issue is not how the notice is denominated, but if it contains the information sufficient to notify the contemnor of the contempt charged and the hearing. We find, contrary to appellant's contention, that although a show cause order is an appropriate method of putting the contemnor on notice of contempt, it is not mandatory. The question then is whether the notice given here was sufficient to allow the trial court to enter its order of contempt.

The record reflects that respondent sent appellant a notice of hearing on her motion to modify and motion for contempt, stating the date and time the motions were to be heard. The record also reflects that appellant was served a motion for contempt for appellant's "willful failure and refusal to pay maintenance." Both documents bear certificates of service that indicate copies of each had been sent to appellant's attorney, which constitutes service on appellant. Rule 43.01(b). From the certificates of service on the notice and the motion for contempt, we can presume that appellant received a copy of the notice and motion. *See State v. Smith,* 849 S.W.2d 209, 212 (Mo.App.1993) (stating that the certificate of service creates a rebuttable presumption that the papers were mailed to the named parties). Taking the motion and notice together, we find that appellant was placed on notice as to the time and place of hearing, the essential facts constituting the contempt charged, and a description of the charge as contempt. Thus, appellant's claim that the contempt order was invalid for a lack of a show cause order is meritless.

Appellant also argues defective notice with respect to the order of commitment and warrant for contempt. This argument has no relevance to a determination of the validity of the contempt order. It would only come into play when and if the commitment and warrant for arrest are executed.

Having concluded that the trial court's order of contempt is not invalid for lack of proper notice, we must next determine if it is final for appeal purposes.

### B. Contempt Order Not Final for Appeal

As we found in *Happy I,* an order of contempt is not final and is not appealable unless appellant has either purged himself of contempt or has been incarcerated. *Happy I,* 903 S.W.2d at 610. After a careful review of the record, we find that nothing has changed since we decided *Happy I,* except for the partial payment of past due maintenance through the withholding order. The trial court's original order of commitment and warrant for arrest are still outstanding. To date, appellant has not been arrested, confined or posted bond. The question, then, is whether this partial payment of past due maintenance renders the order of contempt final for appeal purposes.

 The partial payment of an amount ordered by an order of contempt is insufficient to purge a contemnor of contempt. *See; e.g., Hamilton v. Hamilton,* 661 S.W.2d 82, 83 (Mo.App.1983) (stating that for the trial court to find the contempt order was appealable, appellant needed to provide the court with a copy of the court order indicating that payment had been made in full). Because appellant has neither fully paid the amount set forth in the order of contempt, nor has he been incarcerated pursuant to the outstanding arrest warrant, the order is not final, depriving us of appellate jurisdiction as to Order I.

Having found that the contempt order is not invalid or void and is not final for purposes of appeal, we hold that we lack the appellate jurisdiction to address the merits of appellant's Points I, III and IV with respect to Order I.

## II. Order II

 With respect to the wage withholding order, appellant appeals the trial court's order denying his motion to quash. Our standard of review for a denial of a motion to quash was set out by this court in *McMinn v. McMinn,* 884 S.W.2d 277, 278 (Mo.App.1994), citing *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976): "The judgment must be affirmed unless there is not substantial evidence to support it, the judgment is against the weight of the evidence, or it erroneously declares or applies the law."

Appellant makes two claims as to Order II. He claims that the trial court should have granted his motion to quash, because the wage withholding is not a valid order. In that respect, he contends the order is invalid for three reasons: 1) he did not receive notice under § 452.350 RSMo Supp.1996; 2) the amounts withheld included attorney's fees, interest and medical bills, which are not properly considered "maintenance" under § 452.335 RSMo 1996; and 3) the wage with-

holding order cannot be enforced on wages earned outside of the state where the order is entered. We will address each contention individually.

Section 452.350.1 RSMo Supp.1996, as it relates to orders of maintenance entered prior to January 1, 1994, such as the one here, provides that:

> [E]ach order for ... maintenance entered or modified by the court under the authority of this chapter, or otherwise, **shall include a provision notifying the person obligated to pay such ... maintenance that, upon application**[2] **by the obligee ... the obligor's wages or other income shall be subject to withholding without further notice if the obligor becomes delinquent in maintenance** ... in an amount equal to one month's total support obligation. The order shall also contain provisions notifying the obligor that:
>
> (1) The withholding shall be for the current month's maintenance ...; and
>
> (2) The withholding shall include an additional amount equal to fifty percent of one month's ... maintenance to defray delinquent ... maintenance, which additional withholding shall continue until the delinquency is paid in full.

§ 452.350.1 (emphasis added). For some inexplicable reason, the trial court, in ordering maintenance, did not include in its decree the notice provision required by § 452.350.1. However, appellant does not attack this lack of notice. Rather, he alleges that the circuit court failed to give him the notice required under § 452.350.4 that the wage withholding had been entered.

Section 452.350.4 states that when a wage withholding goes into effect, notice must be provided to interested parties as follows:

> The circuit clerk, upon application of the obligee ... shall send, by certified mail, return receipt requested, a written notice

---

**2.** There is nothing in the record indicating whether an application for automatic wage withholding was made by the respondent. However, appellant does not raise this as an issue on appeal. In any event, the trial court did enter its order of wage withholding on January 16, 1996. The total amount due under the withholding in-

cluded the amounts the court had previously found appellant wrongfully deducted from his earlier maintenance payments. Regent University, appellant's Virginia employer, subsequently began deducting the amounts as directed in the withholding order.

to the employer or other payor listed on the application when the obligated party is subject to withholding under ... subsection 2 of this section.... The circuit clerk shall send a copy of this notice by regular mail to the last known address of the obligated party.

A review of the trial court's docket reflects that the withholding order was sent to appellant's employer in Virginia, along with notice of the withholding to the respondent. However, the docket entry does not reflect that the notice was also sent to appellant, as required by § 452.350.4. We can infer from this that for whatever reason, notice was not sent to appellant. The issue, then, is what effect, if any, this had on the validity of the withholding order.

 Appellant cites us to no authority, nor can we find any that educates us as to the effect of a lack of notice under § 452.350.4. However, in making this determination, we can analogize the notice requirement of § 452.350.4 to the notice requirement found in Rule 74.03. This rule provides in pertinent part that: "Immediately upon the entry of an order or judgment, the clerk shall serve a notice of the entry by mail.... If such notice is not given, the order or judgment shall be set aside for good cause shown...." This rule makes the entry of a judgment without notice to the parties enumerated in the rule subject to being set aside or voidable, not void. Because we find that the notice provided for in § 452.350.4 serves a similar function as the notice required by Rule 74.03, we hold that the failure to send the notice under § 452.350.4 should be treated the same as the failure to send the notice under Rule 74.03. Thus, a lack of notice under § 452.350.4 here did not render the order of withholding void, but made it subject to being set aside by the trial court for good cause shown. Although appellant did not file a motion with the trial court to set aside the wage withholding order for good cause, we will treat his motion to quash as such for the purposes of this appeal. The question then is whether the evidence would support a finding of good cause to set aside the wage withholding order.

 Other than the lack of notice itself, appellant contends that the trial court should have granted his motion to quash the wage withholding, because it included amounts not properly classified as maintenance under § 452.335, including attorney's fees, interest and medical bills, and because the wage withholding cannot be enforced as to wages earned outside of Missouri. We will treat these as allegations of good cause to set aside the order of withholding for lack of notice under § 452.350.4.

In challenging certain amounts included in the wage withholding, appellant does not challenge the validity of the entire withholding order. Nonetheless, he requested the trial court to quash the entire order. Because appellant requested the order of withholding to be quashed *in toto*, rather than being reduced for inclusion of improper amounts, we cannot convict the trial court of error for denying his motion to quash *in toto* for including improper amounts. See *In re Marriage of Allen*, 681 S.W.2d 535, 539 (Mo. App.1984) (holding that when appellant alleges that a greater proportion of wages is withheld than allowed by law, the proper remedy is not a motion to quash the withholding *in toto*, but a motion asking the trial court to determine the amount of protected wages). Thus, because the basis asserted by Appellant was not a valid basis to quash the order *in toto*, we find that on this basis the appellant did not demonstrate good cause to set aside the trial court's order of withholding for failure to give notice pursuant to § 452.350.4.

We next consider whether the withholding order should be set aside because it is not enforceable in Virginia. Appellant contends that the wage withholding entered in Missouri could not be executed against wages earned in another state, in this case, Virginia. We disagree.

 As appellant contends, the U.S. Constitution only requires sister states to enforce foreign awards that are considered final. U.S. Const.Art. IV § 1. However, Missouri courts have held that "... payments mandated under a support order which are past due and owing and not subject to retroactive

modification are final judgments entitled to full faith and credit." *Siegel v. Mosier,* 632 S.W.2d 76, 78 (Mo.App.1982). Appellant's assertion that his Virginia employer could not enforce the Missouri wage withholding, rendering it invalid, logically makes an examination of Virginia law necessary. Virginia, like most states, has enacted a statutory procedure by which wages can be withheld on a foreign decree. Section 20–88.64 of the Virginia Code states:

A. An income-withholding order issued in another state may be sent by first class mail to the person or entity defined as the obligor's employer under the income-withholding law of this Commonwealth without first filing a petition or comparable pleading or registering the order with a tribunal of this Commonwealth. Upon receipt of the order, the employer shall:

1. Treat an income-withholding order issued in another state which appears regular on its face as if it had been issued by a tribunal of this Commonwealth;

2. Immediately provide a copy of the order to the obligor; and

3. Distribute the funds as directed in the withholding order.

B. An obligor may contest the validity or enforcement of an income withholding order issued in another state in the same manner as if the order had been issued by a tribunal of this Commonwealth....

We presume Regent University, in effectuating the Missouri withholding order, did so in accordance with this provision of Virginia law. However, the record is insufficient for us to ascertain whether the procedure set out in Va.Code Ann. § 20–88.64 for recognition of an income withholding order of another state has been followed. As here, when an appellant does not present the reviewing court with a record necessary to determine the questions presented, appellate review is foreclosed. *Nolfo v. Dubin,* 861 S.W.2d 136, 138 (Mo.App.1993). As a practical matter, even if the record had been fully developed, there is a serious question as to whether the motion to quash on this basis should have been brought in Virginia, rather than in Missouri. In any event, appellant has failed to demonstrate that the wage withholding was unenforceable as to his wages in Virginia and that this constituted good cause to set aside the withholding order for a lack of notice under § 452.350.4.

Because we find no evidence of good cause to set aside the withholding order, the failure to give notice to appellant as required by § 452.350.4 is of no consequence here. And, having already determined in our analysis of his claim that the withholding order was defective due to a lack of notice under § 452.350.4, because of the lack of merit of appellant's other claims as to Order II, we conclude that the trial court did not err in overruling appellant's motion to quash the withholding order.

Point denied.

### Conclusion

The appeal of the trial court's order holding appellant in contempt is dismissed for lack of appellate jurisdiction. The trial court's order denying appellant's motion to quash the wage withholding is affirmed.

All concur.