Elva D. CARMACK, now
Thorne, Respondent,

v.

Ross D. CARMACK, Appellant.

No. WD 53044.

Missouri Court of Appeals,
Western District.

July 8, 1997.

Karl L. Madden, Jr., Moberly, for appellant.

Cynthia A. Suter, Schirmer, Suter & Gaw, Moberly, for respondent.

Before LAURA DENVIR STITH, P.J., and BRECKENRIDGE and HANNA, JJ.

LAURA DENVIR STITH, Presiding Judge.

Mr. Carmack appeals the trial court's order granting Mrs. Carmack's motion to increase child support for their two children, Melissa and David. He argues the court should have found the amount of support determined under Form 14 to be unjust and inappropriate because of the lack of specific evidence of the children's expenses, and because Melissa refused to have contact with him and should therefore be found to have abandoned the parent-child relationship. Mr. Carmack also appeals the trial court's order holding him in contempt for failing to pay $1,000 of Mrs. Carmack's attorney's fees which he was ordered to pay in 1989.

We affirm the trial court's orders as to child support. First, to the extent that Mr. Carmack is simply arguing that Mrs. Carmack failed to specifically show that she had a need for each dollar of the amount of presumed child support set out in the child support chart based on the parties' adjusted gross income, it was up to him to offer evidence that this amount was unjust or inappropriate on the facts of this case. He failed to do so. Second, to the extent he is arguing that the $375 in extraordinary expenses for college which the trial court included in his Form 14 were not supported by the evidence, we disagree. We also reject Mr. Carmack's argument that the fact he and his daughter are estranged entitles him to leave her without care and support. Finally, because Mr. Carmack has neither purged the contempt by paying the ordered attorney's fees, nor been incarcerated to coerce payment, the contempt order is interlocutory and not appealable. Accordingly, we dismiss the appeal of that order.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The marriage of Appellant Ross Carmack and Respondent Elva Carmack was dissolved on October 23, 1978. Mrs. Carmack was awarded custody of the parties' two children, Melissa and David, then ages three and one, respectively. In 1989, the Carmacks' decree of dissolution was modified to increase Mr. Carmack's support obligation to $300 per child per month. Although David was then living with Mr. Carmack in Florida, Mr. Carmack did not request a formal transfer of custody of David, nor did he request child support for David. At Mr. Carmack's request the court did, however, order that the $300 support obligation for David be abated while David lived with his father. David continued to live with his father for the next six years, except for an eleven-month period when he lived with his mother.

In 1995, Mr. Carmack filed a motion to modify the decree in which he asked the court to order Mrs. Carmack to pay him retroactive child support for the time David had lived with him, to transfer custody of David to him, and to terminate his child support payments to Mrs. Carmack for David's support and instead order Mrs. Carmack to make support payments to him for David. Mr. Carmack did not ask the court to modify his child support obligation for Melissa.

Mrs. Carmack filed an answer and a counter-motion to modify, in which she asked the court to increase Mr. Carmack's child support obligation for both children and to leave custody of both children in her. She argued that an increase in the amount of support was justified by the lapse of time and the fact that both children would be in college in the fall of 1995. She also asked that the child support be paid either to her or directly to the children.

After a hearing on both motions, the judge first addressed Mr. Carmack's right to retroactive support for the period when David was living with him. He correctly noted that Section 452.370.6 precluded him from modifying child support prior to the date of service of Mr. Carmack's motion to modify and therefore rejected Mr. Carmack's request for

support retroactive to July 1989, when David first began to live with Mr. Carmack. The trial judge did, however, allow Mr. Carmack such support for David retroactive to the time of the filing of the Motion to Modify in July 1995.

The judge also found that Mrs. Carmack's obligation to furnish support to Mr. Carmack for the care of David for the five months between the filing of the Motion in July 1995 and the trial in December 1995 was $1,500 and that this equalled Mr. Carmack's obligation to support Melissa during that same time period. Because Mr. Carmack was $5,333.72 in arrears in his support for Melissa, the judge gave him a $1,500 credit against that amount to satisfy Mrs. Carmack's child support obligation to him for the five-month period. The judge denied Mr. Carmack's request to transfer custody of David to him, based upon the fact that David was over eighteen years old and testified at trial that he did not want to live with his father.

The judge reviewed the parties' Form 14s to determine the amount of child support due in light of the above rulings. He rejected both parties' Form 14s and prepared his own Form 14. The judge's Form 14 indicated that Mr. Carmack should pay child support totalling $694.48 per month. The judge set forth how he arrived at the numbers he used on his Form 14. To derive Mr. Carmack's income, the judge used Mr. Carmack's 1994 tax return and increased the figure because of an expected increase in net income for 1995 and the fact that the court believed some of the claimed expense deductions were for personal use. The judge also explained why he was not making an allowance for health insurance, and how he arrived at the amount for college expenses. The judge ordered the support payments to be made directly to the children.

Finally, the court found Mr. Carmack in contempt for failing to pay attorney's fees plus interest that he was ordered to pay to his former wife in the 1989 modification order. The court ordered Mr. Carmack to pay the fees and interest, plus a $1000 fine if he did not pay before November 1, 1996. Mr. Carmack has not paid the fees nor has he been incarcerated for failure to do so.

## II. STANDARD OF REVIEW

 The Court of Appeals must affirm a trial court's order modifying a decree of dissolution unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976); *Peery v. Peery,* 933 S.W.2d 912, 914 (Mo.App. 1996). We will not disturb a trial court's award of child support unless the evidence is "palpably insufficient" to support it. *Price v. Price,* 921 S.W.2d 668, 673 (Mo.App.1996); *Elliott v. Elliott,* 920 S.W.2d 570, 574 (Mo. App.1996); *Holmes v. Holmes,* 878 S.W.2d 906, 909 (Mo.App.1994).

## III. LEGAL ANALYSIS

Mr. Carmack appeals the trial court's decision to modify the decree by increasing the amount of child support due, arguing that the Form 14 amount used by the judge was unjust and inappropriate because of the lack of evidence of specific living expenses of David or of Melissa. He also argues that he should not pay an increased amount for Melissa's support, or alternatively should pay nothing for Melissa's support, because she has abandoned the parent-child relationship. He also appeals the judgment of contempt.

### A. Mootness of Mr. Carmack's Child Support Points

 In her brief, Mrs. Carmack contends that we should not reach either of Mr. Carmack's points regarding child support because both children are emancipated, in that since the decision below one of the children has dropped out of college and the other has married. There are docket entries for July 10, 1996, and December 4, 1996, indicating that the court ordered the circuit clerk to terminate child support for the children, and a docket entry for December 16, 1996, terminating the income withholding on Mr. Carmack. Even assuming that we may find based on these records that the children are now emancipated and Mr. Carmack has brought his child support obligation current, however, the appeal is not moot. Mr. Carmack is still contesting his obligation to pay

increased support from the date ordered below until the date both children were emancipated. Thus, we address the merits of the child support issues.

## B. The Court Did Not Err in Ordering Mr. Carmack to Pay the Form 14 Amount as that Amount is Presumed Correct.

Mr. Carmack first complains that the trial court erred in utilizing the Form 14 child support amount. To understand his argument first requires an understanding of how child support is determined. Rule 88.01 establishes a two-step procedure for the trial court to follow in determining child support. *Woolridge v. Woolridge*, 915 S.W.2d 372, 379 (Mo.App.1996). First, the trial court is to "determine and find for the record the presumed correct child support amount pursuant to a correct Form 14." *Id.* In preparing a correct Form 14, the parties are required to set out each of their monthly gross incomes, adjusted for certain factors not present here. A child support chart is then used to determine the amount of presumed child support due for parents with this adjusted gross income. Adjustments are then permitted for special costs for such items as child care, health insurance, uninsured extraordinary medical expenses, and other extraordinary expenses such as college costs. The resulting figure is then divided proportionately between each parent based on his or her proportionate amount of the parties' total adjusted gross income to arrive at a presumed child support amount. *See* Form 14.

■ Here, each party prepared a Form 14. After reviewing both Form 14s, the court below determined that neither was accurate. In such a case, *Woolridge* requires the trial court to reject the parties' Form 14s and determine the proper Form 14 amount itself, "articulating on the record how it calculated its Form 14 amount." *Id.* at 382.

In this case, the trial judge both prepared his own Form 14 and explained in his findings how he derived Mr. Carmack's income figure and the college expense figure, and why he chose not to include the cost of the

children's health insurance in the calculation. The trial court then found that the Form 14 child support award was just and appropriate, and ordered it to be paid effective January 1, 1996. It is this order which Mr. Carmack appeals. He argues that the court had an inadequate basis on which to award expenses for college because the testimony on these issues was indefinite. He also argues that in the absence of specific evidence of specific expenses for college, Mrs. Carmack has failed to meet her burden of proof that she should be awarded the presumed child support amount.

■ To the extent that Mr. Carmack is arguing that the award of $375 per month for college expenses is not supported by the record, he is arguing that we should "reject" the trial court's Form 14 because it is inaccurate. We do not agree. The trial judge's judgment makes it clear that he carefully considered the record evidence of college expenses, and discounted them to account for various scholarships received, for scholarships voluntarily given up when Melissa transferred to another school to be near her fiancé, and for the fact that the moderate income of the parents made it realistic to expect the children to pay for some portion of their own college expenses. As the trial court noted, the $375 which he ultimately determined to include in his Form 14 calculations was on the low side of what the evidence would have supported. We find no merit in Mr. Carmack's argument that the $375 figure was higher than the evidence permitted.

■ Mr. Carmack also seems to be arguing that even if the Form 14 was accurate, the court should not have awarded the children the resulting presumed child support amount due because Mrs. Carmack failed to show that the children really needed this amount of money in order to live and pay their expenses. Again, we disagree.

Form 14 automatically takes into consideration the guidelines or factors set forth in Rule 88.01 and Section 452.340.1. *Woolridge, id.* at 378.[1] Mr. Carmack's argument ignores

1. These factors are: "(1) The financial needs and resources of the child; (2) The financial re-

the fact that for this reason the amount of support determined under a properly completed Form 14 is *presumed* to be correct. This means that, in the absence of other evidence showing that the amount determined by a correct Form 14 is unjust and inappropriate, the Form 14 amount is the amount of support which should be awarded. It is Mr. Carmack, not Mrs. Carmack, who is arguing that the Form 14 amount is unjust or inappropriate. Accordingly it was Mr. Carmack, not Mrs. Carmack, who had the burden of producing evidence to rebut the presumption of correctness of the Form 14 amount. Mr. Carmack failed to meet this burden. The only evidence which Mr. Carmack suggests made the Form 14 amount unjust and inappropriate was Mrs. Carmack's testimony regarding what she sends Melissa and David each month while they are at school. The amount Mrs. Carmack is able to send is not definitive of the children's needs as determined by Form 14, however. The court did not abuse its discretion in ordering child support in the amount determined in its Form 14.

Mr. Carmack also seems to object to the trial judge's order that support be paid directly to the children. Section 452.340.5, RSMo Supp.1995 makes such a ruling entirely appropriate, for it specifically allows the children or the obligated parent to petition the court to direct the payments to be made directly to the children where, as here, the children are enrolled in an institution of vocational or higher education.

### C. The Trial Court was Not Required to Abate Child Support for Melissa.

■ In his second Point Relied On, Mr. Carmack contends that the trial court erred in increasing his child support obligation for Melissa because she "abandoned the parent-child relationship" by refusing to have contact with him. In his argument he also argues that such conduct supports removing

any child support obligation as to Melissa altogether.

The evidence at trial did indicate that Mr. Carmack and Melissa had a strained relationship at best, that they did not communicate, that she had not seen him since July of 1993, and that she wants nothing further to do with him. The estrangement of parent and child is not listed in Section 452.340.1, RSMo Supp.1995, as a factor to consider in terminating a parent's child support obligation, however. *See* note 1, *supra.* Nor is estrangement a ground for emancipating a child. The latter occurs only when the child dies, marries, enters active military duty, becomes self-supporting, or reaches age eighteen, unless the child is physically or mentally unable to support himself and is insolvent and unmarried, or unless the child is enrolled in and attending an institution of vocational or higher education. § 452.340, RSMo Supp. 1995. At the time this order was entered, Melissa did not meet any of the requirements for emancipation.

It is clear that Mr. Carmack believes that estrangement of a father and a daughter should be an additional reason why child support may be limited or terminated, but we are not at liberty to create reasons to terminate support that were not adopted by the legislature. There are many valid reasons why the legislature may have determined that child support should not depend on the maintenance of a good relationship between parent and child.[2] It was up to the legislature to balance these concerns with those raised by Mr. Carmack.

Of course where, as here, the father is granted visitation, then Section 452.340.6, RSMo Supp.1995 does allow for abatement of support if the custodial parent has, without good cause, failed to provide visitation to the noncustodial parent pursuant to the decree. No evidence was presented below that Mrs. Carmack had denied Mr. Carmack visitation with Melissa. Melissa was 20 years old at the time of trial, and she simply did not want

sources and needs of the parents; (3) The standard of living the child would have enjoyed had the marriage not been dissolved; (4) The physical and emotional condition of the child, and his educational needs." § 452.340.1, RSMo Supp. 1995. *See also* Rule 88.01.

2. For instance, such a rule could induce parents who do not want to pay support to cause an estrangement so that they can limit support. Similarly, a child may have a valid reason to be estranged, such as abuse by the non-custodial parent. Such abuse should not provide a basis to deny child support.

to have any contact with her father. If Mr. Carmack believed that Mrs. Carmack had withheld visitation, he had the means to enforce his visitation with Melissa pursuant to Section 452.400, RSMo Supp.1995. He chose not to utilize these means. In any event, the right to enforce visitation does not apply if the noncustodial parent is not current in all support obligations. Mr. Carmack was $5,333.72 in arrears on his support obligation for Melissa as of the trial date, so he would not have been able to take advantage of this provision.

### D. The Contempt Order Is Not Final For Purposes of Appeal.

■ Finally, Mr. Carmack argues that the trial court erred in finding him in contempt for failing to pay the attorney's fees he was ordered to pay in 1989, and in ordering him to pay a $1,000 fine if he did not pay those fees by November 1996. He argues that there was no showing that he was able to pay or that his refusal to pay was contemptuous, and that the trial court did not state with sufficient particularity what Mr. Carmack did or failed to do.

We cannot address the merits of Mr. Carmack's claim, as the contempt order is not final · for purposes of appeal. A civil contempt order is not a final judgment until it is enforced. *Happy v. Happy,* 903 S.W.2d 609, 610 (Mo.App.1995). Mr. Carmack has neither purged himself of the contempt by paying the amount he was ordered to pay, nor has he been arrested, confined, or posted bond. "Until one or the other of these contingencies occur, purging the contempt or incarceration to coerce payment, the order is interlocutory and not appealable." *Id. See also Happy v. Happy,* 941 S.W.2d 539, 543–44 (Mo.App.1997).

For these reasons we affirm the trial judge's order in regard to child support and dismiss Mr. Carmack's appeal of the contempt order on the basis that it is not yet final.

All concur.