The ESTATE OF Laura DOWNS, Deceased, James L. Rutter, Personal Representative, Respondent,

v.

Eldon Bugg, Appellant,

Wanda Bugg, Appellant.

No. WD 72980.

Missouri Court of Appeals, Western District.

May 10, 2011.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 5, 2011.

Application for Transfer Denied Oct. 4, 2011.

Eldon Bugg, Wanda Bugg, Appellant pro se.

Jean S. Goldstein, for Respondent.

Before Division Three: JOSEPH M. ELLIS, Presiding Judge, VICTOR C. HOWARD, Judge and THOMAS H. NEWTON, Judge.

VICTOR C. HOWARD, Judge.

Eldon Bugg appeals the trial court's judgment denying his motion to quash a writ of sequestration filed by the Estate of Laura Downs. On appeal, he claims that the trial court erred in denying his motion to quash because a court cannot use contempt and sequestration of property to enforce a judgment for the payment of money. Bugg's wife, Wanda Bugg, appeals the trial court's judgment denying her application to intervene and contends that she had an unconditional right to intervene in the matter. The judgment of the trial court is reversed and remanded.

### Factual and Procedural Background

In 2007, this court affirmed the trial court's 2006 judgment finding that Eldon Bugg owed the Estate of Laura Downs ("the Estate") $17,573.71 on a promissory note, plus nine percent interest, which began accruing in April 2000. *See Estate of Downs v. Bugg,* 242 S.W.3d 729, 731 (Mo. App. W.D.2007). The Estate filed a garnishment application seeking to garnish Bugg's assets to pay the judgment. However, the sheriff filed a return in which he

stated that he was unsuccessful in collecting any money from Bugg.

In March of 2008, the Estate filed a motion for contempt. On June 20, 2008, the trial court issued a judgment for civil contempt and an order of commitment ordering the sheriff to confine Bugg in the county jail until he satisfied the 2006 judgment. The trial court set bail at $40,000.00, which Bugg posted in the form of two $20,000.00 cashier's checks. Bugg then appealed the judgment of contempt to this court. This court found that pursuant to section 511.340, RSMo 2000, a court cannot hold a person in contempt for failing to comply with a judgment requiring the payment of money because imprisonment for failure to obey a judgment to pay money violates the Missouri Constitution. *See In re Estate of Downs*, 300 S.W.3d 242, 246 (Mo.App. W.D.2009). Therefore, this court reversed and vacated the trial court's judgment of contempt and order confining Bugg to jail. *Id.* at 248–49.

On December 9, 2009, the Estate sought the issuance of a writ of sequestration directed to Christy Blakemore, the circuit clerk of Boone County, Missouri.[1] The application for the writ identified the cash bond which was being held in the registry of the court. The Estate sought the amount of money necessary to satisfy the 2006 judgment. Bugg's wife filed an application to intervene in the writ action, claiming that she had an interest in the bail money because she and Bugg held it as tenants by the entirety. Bugg filed a motion to quash the writ of sequestration.

On May 18, 2010, the trial court issued its judgment denying Bugg's motion to quash the writ of sequestration and denying his wife's application to intervene in the action. The court found that the circuit clerk of Boone County, Missouri, was holding funds posted by Bugg in the amount of $40,000.00 in the registry of the court and that Bugg owed $35,248.84 to the Estate. Therefore, the court ordered the circuit clerk to pay that amount to the Estate and to pay the remaining balance of the funds to Bugg. This appeal by Bugg and his wife followed.

## Standard of Review

In reviewing the denial of a motion to quash, we will affirm the judgment of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Happy v. Happy*, 941 S.W.2d 539, 544 (Mo.App. W.D.1997). We review the trial court's denial of a motion to intervene as of right under the same standard. *See Kinney v. Schneider Nat'l Carriers, Inc.*, 200 S.W.3d 607, 609 (Mo.App. W.D.2006).

## Discussion

In his first point on appeal, Bugg contends that the trial court erred in denying his motion to quash the writ of sequestration. Bugg claims that sequestration was prohibited in that the Missouri Constitution and section 511.340 prohibit the use of sequestration of property to enforce a judgment for the payment of money.[2]

---

1. The Estate seeks to characterize the writ as a writ of garnishment. However, the record shows that the Estate initially filed an application for a writ of garnishment but that the writ was quashed. The Estate then filed a second application on December 9, 2009, and included handwritten instructions asking for a writ of sequestration or garnishment. However, the Estate checked a box at the top of the application form seeking only the issuance of a writ of sequestration. Furthermore, in its judgment granting relief to the Estate, the trial court stated that it took judicial notice of "the application for the Writ of Sequestration."

2. Because we find this point to be dispositive of Bugg's appeal, we do not review his additional point regarding the denial of his motion to quash.

This court found in *Downs* that the trial court's June 2008 order held Bugg in civil contempt for failing to comply with a judgment requiring him to pay money. *See* 300 S.W.3d at 246. In determining whether the trial court's order was proper, this court interpreted section 511.340, which provides:

When a judgment requires the performance of any other act than the payment of money, a certified copy of the judgment may be served upon the party against whom it is given, and his obedience thereto required. If he neglect or refuse, he may be punished by the court as for a contempt, by fine or imprisonment, or both, and, if necessary, by sequestration of property.

The *Downs* court found that "[b]y its express language, section 511.340 allows a trial court to hold a person in civil contempt for failing to obey an order or judgment only if that judgment requires the performance of an action other than the payment of money." 300 S.W.3d at 246. Therefore, the trial court could not hold Bugg in contempt for failing to comply with the 2006 judgment requiring him to pay money to the Estate. *See id.* This is because imprisonment for the failure to comply with a judgment to pay money violates article I, section eleven of the Missouri Constitution, which provides that "no person shall be imprisoned for debt, except for nonpayment of fines and penalties imposed by law." *Id.*

The same analysis can be applied to the Estate's attempt to sequester the money held by the circuit clerk. The language of section 511.340 provides that sequestration of property may be used when a person fails to comply with a judgment, but only if the judgment requires the performance of any act other than the payment of money. Older Missouri cases have noted that a writ of sequestration could be issued after the person failing to comply with the judgment was put in contempt and imprisoned; however, "[a]s imprisonment for debt is abolished, this writ [is] no longer available merely to compel the payment of money." *See, e.g., State ex rel. Couplin v. Hostetter,* 344 Mo. 770, 129 S.W.2d 1, 3 (Mo. banc 1939).

Although the trial court did not issue a writ of sequestration directly to Bugg requiring him to pay the judgment, the trial court's judgment had the same effect as if it had done so. By requiring the circuit clerk to forward Bugg's bail money to the Estate, the court was indirectly doing precisely what section 511.340 prohibits—employing sequestration as a means of compelling Bugg to obey the 2006 judgment requiring him to pay money to the Estate. This court held in *Downs* that a trial court could not confine Bugg in jail and release him only when he paid the money judgment. But to avoid confinement in jail, Bugg was required to post bail in the amount of $40,000.00. The trial court then ordered that the Estate's judgment be satisfied from that fund. Therefore, the trial court used the writ of sequestration to indirectly require Bugg to pay the money judgment in order to avoid confinement in jail.

The Estate cites no other statute authorizing the use of sequestration in this manner.[3] Based on the language of section 511.340 and this court's prior interpretation of the statute, we find that the trial court did not have the authority to sequester Bugg's bail as a means of enforcing the 2006 judgment requiring him to pay mon-

---

**3.** The only other statute mentioned in the briefs regarding sequestration is section 525.310, RSMo 2000, which authorizes the sequestration of the salary, wages, or earnings of a state or municipal employee when he or she is a judgment debtor. *See* § 525.310.1. This statute is inapplicable where Bugg is not an employee of the state or a municipality.

ey to the Estate. Therefore, the trial court erred in denying Bugg's motion to quash the writ. The case is remanded with directions to the trial court to enter a judgment quashing the writ of sequestration. In addition, the trial court shall enter a judgment ordering the Estate to return the amount of $35,248.84 to the circuit clerk of Boone County, who shall then remit the same amount to Bugg.[4]

The judgment of the trial court is reversed, and the case is remanded for further proceedings consistent with this opinion.

All concur.

4. Where we have ordered the trial court to terminate the writ proceedings, the application of Bugg's wife to intervene therein is moot.