In the ESTATE OF Laura
B. DOWNS, Deceased.

James L. Rutter, Personal
Representative,
Respondent,

v.

Eldon Bugg, Appellant.

No. WD 75303.

Missouri Court of Appeals,
Western District.

March 5, 2013.

Motion for Rehearing and/or Transfer
to Supreme Court Denied April
30, 2013.

Application for Transfer Denied
June 25, 2013.

Jean E. Goldstein, Columbia, MO, attorney for respondent.

Eldon Bugg, Boonville, MO, appellant, pro se.

Before Division I: MARK D. PFEIFFER, Presiding Judge, and VICTOR C. HOWARD and ALOK AHUJA, Judges.

MARK D. PFEIFFER, Presiding Judge.

Eldon Bugg ("Bugg") appeals from two orders of the Circuit Court of Boone County, Missouri: the presiding judge's order refusing to reassign the case to a different judge, and the probate division's order declining to rule on Bugg's claim for relief under Rule 74.06(b).[1]

This is the seventh time the facts of this case have been before us: *Rutter v. Bugg (Estate of Downs)*, 75 S.W.3d 853 (Mo.App. W.D.2002) (*"Bugg I"*); *Rutter v. Bugg (Estate of Downs)*, 242 S.W.3d 729 (Mo. App. W.D.2007) (*"Bugg II"*); *Rutter v. Bugg (Estate of Downs)*, 300 S.W.3d 242 (Mo.App. W.D.2009) (*"Bugg III"*); *Rutter v. Bugg (Estate of Downs)*, 347 S.W.3d 487 (Mo.App. W.D.2011) (*"Bugg IV"*); *Rutter v. Bugg (Estate of Downs)*, 348 S.W.3d 848 (Mo.App. W.D.2011) (*"Bugg V"*); *State ex rel. Bugg v. Daniels*, No. WD74697 (*"Bugg VI"*).

Of relevant import, *Bugg V* was Bugg's direct appeal from the Probate Division of the Boone County Circuit Court's ("probate court") judgment of September 23, 2010, approving the final settlement of the estate and discharge of the personal representative. In *Bugg V*, we affirmed the probate court's decree of final distribution, *Bugg V*, 348 S.W.3d at 858, and specifically affirmed the probate court's denial of Bugg's motion to disqualify the probate judge. *Id.* at 855. Our opinion in *Bugg V* was handed down on September 27, 2011, and final mandate issued on October 19, 2011.

Undeterred, on April 16, 2012, Bugg filed a Rule 74.06(b)[2] motion for relief from the September 23, 2010 judgment of the probate court and a motion to (again) disqualify the probate judge. Bugg appeals: (1) the refusal of the presiding judge of the Boone County Circuit Court to reassign the case to a different judge, and (2) the probate court's refusal to entertain his Rule 74.06(b) motion.

**Jurisdiction**

Before addressing the merits of Bugg's appeal, this Court first must determine, *sua sponte*, whether we have the authority to address the merits of his appeal. *Title Partners Agency, LLC v. Dorsey*, 308 S.W.3d 308, 310 (Mo.App. E.D.2010).

---

1. All rule references are to I Missouri Rules of Court—State (2012).

2. The provisions of Rule 74 are not applicable to probate proceedings, *State ex rel. Baldwin v. Dandurand*, 785 S.W.2d 547, 549 (Mo. banc 1990), unless the judge of the probate division orders that it shall be applicable in a particular matter, Rule 41.01(b). The probate court in this case made no such directive. Al-

though Bugg contends that the probate court made the civil rules applicable to this case in an order entered in March 2003, that order simply refers to the applicability of Rule 41.01(b), and does not enumerate any *other* civil rules that will be applicable over and above the rules referenced in Rule 41.01(b) (which does not include Rule 74).

"A primary purpose of the *in rem* probate process is to definitively establish title to property." *Bosworth v. Sewell*, 918 S.W.2d 773, 777 (Mo. banc 1996) (emphasis added). "The administration of the estate of a decedent from the filing of the application for letters testamentary or of administration until the decree of final distribution and the discharge of the last personal representative is deemed one proceeding for purposes of jurisdiction. Such entire proceeding is a proceeding *in rem*." § 473.013.[3] When the probate court orders the administrator of an estate discharged, the estate is closed. *Wood ex rel. Estate of Lisher v. Lisher*, 187 S.W.3d 913, 916 (Mo.App. W.D.2006). "Aggrieved parties have the right to appeal from that final decree." *Id.* A final judgment "resolves all issues in a case, leaving nothing for future determination." *Gibson v. Brewer*, 952 S.W.2d 239, 244 (Mo. banc 1997); *see also* § 473.617.4. "The final settlement of an estate has the conclusiveness of a final judgment and is impervious to collateral attack as the judgment of a court of general jurisdiction." *Bosworth*, 918 S.W.2d at 777. "Probate division appeals are purely statutory, and must be taken within the time and in the manner provided by statute." *Estate of Straszynski v. Clark*, 313 S.W.3d 140, 142 (Mo.App. S.D.2010) (internal quotation omitted). *See* §§ 472.180 & 472.210.

Here, Bugg appealed the judgment of final distribution in *Bugg V* and had the opportunity to raise all issues related to the closing of the Estate in that appeal. Bugg's present actions demonstrate that he does not agree with the result in *Bugg V*, but his disdain for the probate court's judgment and this court's opinion affirming the judgment is not grounds to compel re-litigation of this probate estate. The docket entry orders of the presiding judge and the probate judge are not appealable orders, by statute—*see* § 472.160.1—or otherwise.[4]

## Conclusion

This court lacks jurisdiction to consider the merits of Bugg's present appeal. Therefore, this appeal is dismissed.[5]

VICTOR C. HOWARD and ALOK AHUJA, Judges, concur.

---

**3.** All statutory references are to the Revised Statutes of Missouri (2000).

**4.** We note that the grounds for judicial disqualification which Bugg cited in his April 2012 motion are the same grounds he had previously asserted. We affirmed the circuit court's rejection of Bugg's earlier disqualification motion in *Rutter v. Bugg (Estate of Downs)*, 348 S.W.3d 848, 853–55 (Mo.App. W.D.2011) ("*Bugg V*"), and the reasons for rejecting Bugg's earlier disqualification motion are fully applicable to his present attempt. As to Bugg's claim that the September 23, 2010 judgment is void, we conclude that the arguments he makes are not jurisdictional, but merely allege that the probate court erred in closing the estate while matters relevant to the estate's administration remained pending. Those arguments could have and should have been raised in Bugg's appeal of other aspects of the September 23, 2010 judgment in *Bugg V*.

**5.** Given our ruling today, the personal representative's motion to dismiss appeal (on alternative grounds) is denied as moot, and we likewise exercise our discretion to deny the personal representative's request for sanctions.