

# IN THE MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

IN THE ESTATE OF LAURA B. DOWNS, Deceased )
)
)
JAMES L. RUTTER, Personal )
Representative, )
) **WD76986**
Respondent, )
) **OPINION FILED:**
v. ) **May 27, 2014**
)
)
ELDON BUGG, )
)
Appellant. )

### Appeal from the Circuit Court of Boone County, Missouri
### The Honorable Deborah Daniels, Judge

**Before Division III:** Thomas H. Newton, Presiding Judge, and
Mark D. Pfeiffer and Cynthia L. Martin, Judges

For the second time in approximately a year, Eldon Bugg again appeals the refusal of the

Circuit Court of Boone County, Missouri, Probate Division ("Probate Court"), to vacate its

judgment of September 23, 2010, a judgment which was originally affirmed by this court in

*Rutter v. Bugg (Estate of Downs)*, 348 S.W.3d 848 (Mo. App. W.D. 2011) *("Bugg V")*. Most

recently, we dismissed Mr. Bugg's appeal where he made an almost identical argument to that

which he presently makes, in *Rutter v. Bugg (Estate of Downs)*, 400 S.W.3d 360 (Mo. App.

W.D. 2013) *("Bugg VII")*.[1]   Since Mr. Bugg's present appeal requests virtually the same relief requested in *Bugg VII*, albeit relying upon section 511.250 of the Revised Statutes of Missouri[2] instead of Rule 74.06 of the Missouri Rules of Civil Procedure, we dismiss Mr. Bugg's appeal for the same reasons set forth in *Bugg VII*, and we incorporate herein by this reference the reasoning for dismissal previously set forth in *Bugg VII*.[3]

_____
Mark D. Pfeiffer, Judge

Thomas H. Newton, Presiding Judge,
and Cynthia L. Martin, Judge, concur.

---

[1] This appeal constitutes the eighth time the facts of this case have been before us, the first seven of which are:  *Rutter v. Bugg (Estate of Downs)*, 75 S.W.3d 853 (Mo. App. W.D. 2002) *("Bugg I")*; *Rutter v. Bugg (Estate of Downs)*, 242 S.W.3d 729 (Mo. App. W.D. 2007) *("Bugg II")*; *Rutter v. Bugg (Estate of Downs)*, 300 S.W.3d 242 (Mo. App. W.D. 2009) *("Bugg III")*; *Rutter v. Bugg (Estate of Downs)*, 347 S.W.3d 487 (Mo. App. W.D. 2011) *("Bugg IV")*; *Rutter v. Bugg (Estate of Downs)*, 348 S.W.3d 848 (Mo. App. W.D. 2011) *("Bugg V")*; *State ex rel. Bugg v. Daniels*, No. WD74697 (Mo. App. W.D. Dec. 30, 2011) *("Bugg VI")*; *Rutter v. Bugg (Estate of Downs)*, 400 S.W.3d 360 (Mo. App. W.D. 2013) *("Bugg VII")*.

[2] Mr. Bugg argues that the Probate Court's alleged statutory noncompliance makes his current challenge "jurisdictional," which is essentially a pre-*Webb* "jurisdictional competence" argument.  In fact, Mr. Bugg cites case law in support of his position that has since been overruled by *J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249, 254 (Mo. banc 2009).  Post-*Webb*, it is now clear that it is incorrect to challenge the "jurisdictional competence" of a trial court via statutory arguments or otherwise and to cast those arguments as matters of subject matter jurisdiction. Accordingly, such challenges must either be preserved (i.e., via Bugg's first direct appeal) or they are waived.  *See Clark v. Francis*, 422 S.W.3d 369, 377 (Mo. App. W.D. 2012) ("jurisdictional" challenges that do not actually affect court's subject matter jurisdiction are waived if not timely raised).

[3] Mr. Bugg's appellate briefing to this court reflects that he misunderstands our ruling in *Bugg VII*. Mr. Bugg fails to comprehend that the jurisdictional defect before this court is not the *manner* (rule vs. statute) in which he sought to set aside the Probate Court's judgment of September 23, 2010, it is that he failed to raise the arguments supporting his motion to set aside the judgment when he could and should have done so—in the appeal of the proceedings below that were reviewed by this court in *Bugg V*.  Mr. Bugg's repeated appeals demonstrate the necessity for the doctrine of law of the case.  As our Supreme Court stated in *Denny v. Guyton*, "[w]ithout the rule [of the law of the case] there would be no end of criticism, relitigation, re-examination, and reformulation.  In short, there would be endless litigation."  57 S.W.2d 415, 418 (Mo. banc 1932).  The Supreme Court concluded, "There must be an end of litigation.  The principle is not a rule of convenience, but it is a principle of justice, so recognized, like the statute of limitations."  *Id.*  Mr. Bugg's repeated attempts at setting aside the Probate Court's judgment and his appeals associated therewith demonstrate his displeasure with the law of this case that has been announced on more than one occasion from this court.  But justice dictates that "there must be an end of litigation."  It is our hope that Mr. Bugg will finally recognize that that time has come in this case.

2